O'Brien v. Wagner.

O'BRIEN *et al.* v. WAGNER, *Appellant.*

| 94 | 93 |
| 113 | 568 |
| 94 | 93 |
| 120 | 29 |
| 94 | 93 |
| 140 | 35 |
| 94 | 93 |
| 163 | 20 |

1. **Deed**: CONDITION SUBSEQUENT. A deed to land upon condition that the grantee shall, within a specified time, build a house thereon, and that a failure to do so will defeat the grant, is a conveyance upon a condition subsequent.

2. ——— : ——— : NON-PERFORMANCE OF CONDITION : WAIVER : FORFEITURE : EJECTMENT. Mere non-performance of the condition does not divest the grantee of the title. Performance of the condition may be waived by the grantor, and to make good the forfeiture, he must enter for condition broken. Or the grantor or his heirs may maintain ejectment. (*Affirming Ellis v. Kyger*, 90 Mo. 606).

3. ——— : ——— : ——— : FORFEITURE : POSSESSION BY GRANTOR : PRESUMPTION. If the grantor is himself in possession of the premises when the breach of the condition happens, the estate revests in him, at once, without any formal act on his part, and he will be presumed, after the breach, to hold for the purpose of enforcing the forfeiture.

4. —— : —— : —— : —— : —— : —— : EVIDENCE. This presumption is one of fact, and may be overcome by evidence, and the evidence may consist of the acts, declarations, and the like, of the party in possession.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*M. Kinealy* and *Jas. R. Kinealy* for appellant.

(1) As Mrs. Fitzwilliam always retained possession of the lots, and there was no notice to Chamberlain that she held them as her own, there was no adverse possession, and no title was acquired by limitation; the notice must be actual notice. *Jackson v. Benton*, 1 Wend. 341; *Swart v. Service*, 21 Wend. 36; *Butler v. Phelps*, 17 Wend. 642; Taylor on Landlord and Tenant, sec. 86, note 5. (2) There is no proof that defendant was in possession when suit was brought. (3) There was no forfeiture for breach of condition by Chamberlain, because not having been put in possession, the grantor could not have complied with the conditions. (4) There was no title acquired by forfeiture for breach of condition by Chamberlain, because no forfeiture was ever declared. 3 Wait's Actions and Defences, 70; Co. Litt. 214. (5) The first and second instructions refused to defendant should have been given. See cases cited above. (6) The last instruction refused to defendant ought to have been given. (7) The instruction given for plaintiffs is not the law and should have been refused.

*W. F. Broadhead* for respondents.

(1) Eliza Fitzwilliam, under whom the plaintiffs claim, having held the actual, open, notorious, continuous, exclusive, and adverse possession of the lot in

question for more than ten years before the bringing of this suit, and after the period provided in her deed to Chamberlain for the performance of the condition therein provided, thereby acquired title, which descended to the plaintiffs upon her death. *Macklatt v. Dubrueil*, 9 Mo. side p. 490. It is not necessary, in this case, to show color of title, but if so, it was sufficiently shown, under the law as declared in *Fugate v. Pierce*, 49 Mo. 447, and *Long v. Higginbotham*, 56 Mo. 250, by the deeds of Brady and Watson to Eliza F., showing her former title, in connection with her deed to Chamberlain, with the proof of the breach of its condition, and of her claim of title, by words and acts of ownership. The fact that this point was not presented in the instruction asked in behalf of plaintiffs is immaterial. They are at liberty to recover upon any or all of the grounds which appear under the case made out, and on any title vested in them at the commencement of the suit. *Public Schools v. Risley*, 28 Mo. 418. (2) The condition contained in her deed to Chamberlain, that he should erect a substantial dwelling on or before July 1, 1866, under penalty of forfeiture of the estate conveyed, not having been performed, and the grantee having been in possession at the expiration of the period for its performance, and having thereafter continued in possession, exercising exclusive acts of ownership and possession until her death in 1883, she is presumed to have held for the purpose of enforcing the forfeiture, and it thereby became complete without any formal declaration ; and, even if necessary, the institution of this suit by her heirs is equivalent to such declaration, in connection with the facts in evidence, as against the pretended title of Mary Wagner, claiming under a mere quit-claim deed, and bound by the conditions in her grantor's deed. This suit could be maintained. *Gibert v. Peteler*, 38 N. Y. [11 Tiff.] 165. Under the facts, no declaration of forfeiture, or other

act, was necessary on the part of Eliza Fitzwilliam to revest title in her. 2 Wash. on Real Prop. [3 Ed.] ch. 14, p..19, side p. 452, sec. 16; *Moore v. Wingate,* 53 Mo. 410.

BLACK, J.—The plaintiffs are the heirs of Eliza Fitzwilliam, and as such prosecute this action of eject-ment. She conveyed the lot in question to Chamberlain by deed dated the first of June, 1864. The deed is expressed to be in consideration of eighty dollars, and the covenants therein recited. The deed, among other things, states, "said party of the second part hereby covenants with said party of the first part, under pen-alty of forfeiture of the estate hereby conveyed, that, previous to the first day of July, 1866, he shall erect on said lot of ground a substantial dwelling-house." The evidence shows that Chamberlain did not pay the eighty-dollar consideration, and when it was demanded, he said he did not want the property. He did not build or offer to build the house. Mrs. Fitzwilliam, at the date of the deed, had this and four or five other lots enclosed by a fence, and she continued in possession of the lot until her death, in 1883. After her death, Chamberlain made a quit-claim deed to defendant's wife, and the defendant then took possession.

It was the evident intention of the parties to the deed to Chamberlain that a failure to build the house within the time specified, should defeat the grant. The deed is clearly upon condition subsequent. The failure alone to build the house would not divest the grantee of the title. The grantor in a deed upon condition may waive the forfeiture, and to make good the forfeiture he must enter for condition broken; or he or his heirs may maintain ejectment. *Ellis v. Kyger,* 90 Mo. 606. Here the grantor held possession from the date of the deed, 1864, to 1883. The breach of the condition occurred in 1866. If the grantor had refused to put the grantee in

O'Brien v. Wagner.

possession there would be ground for the claim now made that he had been prevented from performing the condition, and thus avoid a forfeiture. But the circumstances all tend to show that Chamberlain did not want possession. The court, sitting as a jury, by the instructions given, found that Mrs. Fitzwilliam did not waive the condition, or prevent the performance of it. Mr. Washburn says, if the grantor is himself in possession of the premises when the breach happens, the estate revests in him, at once, without any formal act on his part, and he will be presumed, after the breach, to hold for the purpose of enforcing the forfeiture. 2 Wash. Real Prop. [5 Ed.] 18. Of course, this presumption is one of fact, and may be overcome by evidence, and the evidence may consist of the acts, declarations of the party in possession, and the like. The evidence tends to show, and the court found, that Mrs. Fitzwilliam claimed the property as her own.

The appeal is without any merit and the judgment is affirmed. Ray, J., absent; the other judges concur.