# KRUEGER v. ST. LOUIS, ST. CHARLES & WEST-
## ERN RAILROAD COMPANY, Appellant.

### Division One, December 22, 1904.

1. **CONVEYANCE: Condition and Covenant: Reversion.** Plaintiff "in consideration of one dollar and of the conditions, covenants and agreements hereinafter mentioned" conveyed "a right-of-way for railroad purposes only, over a strip of ground 25 feet wide, upon condition, however, that the grantee, his successors and assigns, shall construct and maintain a railroad to be operated by electricity, and upon the failure or abandonment of said enterprise by the grantee, or his successors and assigns, the privileges herein and the property hereby conveyed, shall revert to and be fully vested in the grantor, and conditioned also that the construction of such road be fully completed and such road be in operation in or before the year 1900." The road was not built in the year 1900, but construction thereon was begun in January and prosecuted through January and February, 1901, and in February plaintiff gave written notice that the title had reverted to him. *Held,* that the parties to the conveyance by making the words of forfeiture apply to a failure to build and maintain a railroad, and omitting to apply them in connection with the clause prescribing the time within which the work was to be completed, indicated that they did not mean that the property was to revert to the grantor in case the work was not finished in 1900. *Held,* also, that, following the language used in the instrument, the first clause was a condition, the other a covenant, and hence the deed cannot be forfeited for a failure to keep the covenant to finish the road in the year 1900.

2. ———: ———: ———: **Consideration.** The real consideration for the deed was the obtaining of a railroad convenient to the grantor's other land. *Held,* that, having obtained that consideration, though not within the time specified, the grant will not be forfeited, since no such condition of forfeiture was put in the grant.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney,* Judge.

REVERSED.

*Douglas W. Robert* for appellant.

(1) The provision in the deed, "conditioned also that the construction of the road be fully completed, and such road be in operation in or before the year

1900," was a covenant and not a condition subsequent. Conditions subsequent are not favored in law. Morrill v. Railroad, 96 Mo. 174; Studdard v. Wells, 120 Mo. 25; Roberts v. Crume, 173 Mo. 581. (2) Ejectment does not lie for a part of the right-of-way of a railroad for breach of a condition subsequent where the plaintiff has stood by and permitted the railroad company to expend large sums of money without objection. In such cases, the plaintiff will be considered as having waived the condition in the deed. Road Co. v. Renfro, 58 Mo. 275; Hubbard v. Railroad, 63 Mo. 68; Bradley v. Railroad, 91 Mo. 499; Snyder v. Railroad, 112 Mo. 537; Webster v. Railroad, 116 Mo. 117. (3) Krueger by his own acts is estopped from enforcing the provision of the deed. Provolt v. Railroad, 57 Mo. 256; Baker v. Railroad, 57 Mo. 265; Masterson v. Railroad, 72 Mo. 342; Kanaga v. Railroad, 72 Mo. 207; Gray v. Railroad, 81 Mo. 126; McClellan v. Railroad, 103 Mo. 295; Ragan v. Railroad, 111 Mo. 463; Avery v. Railroad, 113 Mo. 561; Chiles v. Railroad, 117 Mo. 431; Scarritt v. Railroad, 127 Mo. 298; Alexander v. Railroad, 138 Mo. 464.

*C. & C. J. Daudt* for respondent.

(1) The provision in the deed, "conditioned also that the construction of the road be fully completed, and such road be in operation in or before the year 1900," was a condition subsequent and not a covenant. Clarke v. City of Brookfield, 81 Mo. 503; Ellis v. Kyger, 90 Mo. 600; O'Brien v. Wagner, 94 Mo. 93; Thomas v. Record, 47 Me. 500; Gray v. Blanchard, 8 Pick. (25 Mass.) 284; Allen v. Howe, 105 Mass. 241; Langley v. Chapin, 134 Mass. 82; Blanchard v. Railroad, 31 Mich. 43; Pepin County v. Prindle, 61 Wis. 301; Mead v. Ballard, 7 Wall. (74 U. S.) 290. To create an estate upon a condition subsequent, no right of re-entry need be reserved. 2 Wash. Real Prop., sec. 15, p. 17; Tiedeman on Real Prop., sec. 277; Osgood v. Abbott, 58 Me.

80; Jackson v. Allen, 3 Cowen 220; Gray v. Blanchard, 8 Pick. (25 Mass.) 284; Thomas v. Record, 47 Me. 500; Allen v. Howe, 105 Mass. 241; Pepin County v. Prindle, 61 Wis. 301; Langley v. Chapin, 134 Mass. 82; Blanchard v. Railroad, 31 Mich. 43. (2) Upon condition broken the estate revests in the grantor without any formal act on his part. O'Brien v. Wagner, supra; Willard v. Henry, 2 N. H. 120; Hamilton v. Elliott, 5 S. & R. 375; Andrews v. Senter, 32 Me. 394. (3) Ejectment to recover the land is the proper remedy of the grantor when a condition subsequent contained in his deed is broken by the grantee or his assigns. Watson v. Railroad, 57 Mo. 275; Clarke v. City of Brookfield, 81 Mo. 503; Ellis v. Kyger, 90 Mo. 600; O'Brien v. Wagner, 94 Mo. 93; Dodd v. Railroad, 108 Mo. 581; Avery v. Railroad, 113 Mo. 561; Blanchard v. Railroad, 31 Mich. 43. (4) Ejectment may be maintained without previous entry or demand for possession by the grantor. Ellis v. Kyger, supra; O'Brien v. Wagner, supra; Railroad v. Frowein, 163 Mo. 20; 2 Wash. Real Prop. (5 Ed.), 18. (5) Plaintiff is not estopped by any conduct on his part from asserting his title to the land in suit. (a) An estoppel to avail a defendant must be pleaded. McClannahan v. Payne, 86 Mo. App. 284; Bray v. Marshall, 75 Mo. 327; Noble v. Blount, 77 Mo. 255; Avery v. Railroad, 113 Mo. 561; Sanders v. Chartrand, 158 Mo. 352; Chance v. Jennings, 159 Mo. 544; Casler v. Gray, 159 Mo. 588. (b) The facts in evidence are insufficient to support a defense of estoppel, even if properly pleaded. Shields v. McClure, 76 Mo. App. 631; Taylor v. Zepp, 14 Mo. 482; Bales v. Berry, 51 Mo. 449; Spurlock v. Sproule, 72 Mo. 509; Acton v. Dooley, 74 Mo. 63; Burke v. Adams, 80 Mo. 504; Bigelow on Estoppel, p. 438; Herman on Estoppel, p. 337.

VALLIANT, J.—This is an action in ejectment for a strip of land twenty-five feet wide along the boundary line of plaintiff's farm, containing about one

and a half acres; it is occupied by defendant corporation as a railroad.

Defendant answered by general denial, and a plea of estoppel to the effect that it constructed its railroad through the strip of land in suit with the assurance on the part of plaintiff that he did not intend to prevent the building of the road and that he told the defendant to proceed with the construction.

Reply, general denial.

The following facts are undisputed:

Defendant is a railroad corporation owning an electric railroad extending from Wellston, a suburb of St. Louis, through St. Louis county, to a point on the Missouri opposite the city of St. Charles. Plaintiff's farm is about two miles from the Missouri river. On April 5, 1899, the building of this railroad being then contemplated, the plaintiff and his wife executed a deed conveying to one Houseman the strip of land in question along the border of his farm for a right-of-way for this railroad that was to be built. It was expressed in the deed that in consideration of "the sum of one dollar to said parties of the first part paid by said party of the second part, receipt of which is hereby acknowledged, and in further consideration of the conditions, covenants and agreements hereinafter mentioned and contained, the said parties of the first part do hereby grant, bargain, sell, convey and confirm unto said party of the second part, his successors and assigns, a right-of-way for railroad purposes only, over, through and along a strip of ground twenty-five feet wide [then follows a description of the strip conveyed] upon condition, however, that the grantee herein, his successors and assigns, shall construct and maintain a single or double-track railroad to be operated by electricity for motive power, or by such other approved power as may be adopted by the grantee or assigns, and upon the failure or abandonment of said enterprise by the grantee herein, or his successors and assigns, the

privileges herein and the property hereby conveyed, shall revert to and be fully vested in the grantors, their legal representatives or assigns, and conditioned also that the construction of such road be fully completed and such road be in operation in or before the year 1900.''

Houseman conveyed to the defendant, who built the road; it was finished in the summer or fall of 1901.

As to the remaining facts in the case the evidence is somewhat conflicting. On the part of defendant it tended to prove that in October, 1900, the construction of the road having reached Pattonville, which was three or four miles east of plaintiff's farm, Houseman, acting for the railroad company, seeing that it would not be possible to complete the road in 1900, went to the plaintiff and asked him to give a deed extending the time; that plaintiff was himself willing to do so, but said that as his wife objected he would not do it, but he said, ''you go ahead Mr. Houseman, you have got a deed, and I will never interfere with you.''

The plaintiff in rebuttal denied that he said that.

On February 9, 1901, a notice in writing, to which the plaintiff's name was signed by his attorney, was served on the defendant, which was as follows:

''To the St. Louis, St. Charles and Western Railroad Co.

''Take notice that the undersigned Friedrich Krueger, by my certain deed dated April 5, 1899, and recorded in the recorder's office of St. Louis county, Mo., in Book 110 at page 516 thereof, to which deed reference is hereby made, conveyed to James D. Houseman, Jr., a right-of-way for railroad purposes only over a strip of ground twenty-five feet wide and along the northern boundary line of my tract of land in U. S. Survey 131, Townships 46 and 47, Range 5 east, upon condition that said grantee or his assigns should construct and maintain a certain electrical railroad. That said deed was made upon the express condition con-

tained therein, 'that upon the failure or abandonment of said railroad enterprise by the grantee or his successors and assigns, that the privileges and the property conveyed by said deed shall revert to and be fully vested in the grantor, and conditioned further that the construction of said railroad be fully completed and such road be in operation in or before 1900.'

"And, whereas, you, the St. Louis, St. Charles and Western Railroad Company, claim to be the assignee and successor of said James D. Houseman, Jr., by virtue of a deed made to you by said Houseman.

"And, whereas, you and the said Houseman have failed to comply with the conditions and covenants contained in my deed aforesaid and have failed to fully complete the construction of said road and to have such road in operation in or before the year 1900, I hereby notify you that under the terms of said deed I declare the privileges therein mentioned and the property thereby conveyed to have reverted to me and to be fully vested in me and the said conveyance to said Houseman to be of no force and effect.

"You are further notified that your engineers and employees, in locating the right-of-way purchased by you from one Fred Lueck, who adjoins me on the north, have encroached upon the tract owned by me by placing the center stakes of your right-of-way on my land, thus moving the boundary line a distance of about six feet on my ground at the corner of my tract of land; that the true boundary line between my land and that of Fred Lueck is plainly indicated by rocks planted at both ends of said line, and that I have cultivated my ground to said line for many years, and that the line of my present possession still extends to said line marked by said rocks. I, therefore, notify you not to enter upon any of my land without my knowledge or consent.                       Friedrich Krueger,

"By C. Daudt, his attorney.

"St. Louis County, Mo.   February 6th, 1901."

The defendant's testimony was to the effect that the work on this strip of land was begun in January and continued through January and February, 1901.

The evidence on both sides was to the effect the plaintiff saw the work of constructing the road going on through his land, saw and talked with the contractor, but never ordered him off or objected to his proceeding with the work. On one occasion he came on the scene and discovered that the contractor had encroached beyond the twenty-five-foot strip and called his attention to it, and he and the contractor together measured the ground, and the measurement showing that the plaintiff was correct, the contractor altered his lines and came within the strip in question.

At the close of the plaintiff's evidence the defendant asked an instruction to the effect that the verdict should be for the defendant, but the court refused the instruction and defendant excepted.

The cause was submitted to the jury under instructions at the request of the plaintiff to the effect that if the railroad was not completed during the year 1900 the plaintiff was entitled to recover unless they should find for the defendant on the plea of estoppel as defined in other instructions.

There was a verdict for the plaintiff, and judgment accordingly for possession of the land and $116.50 damages and $3.50 monthly rentals; the plaintiff afterward entered a remittitur reducing the rental value to thirty cents a month, then the court overruled the defendant's motion for a new trial, and defendant appealed.

The foundation of the plaintiff's claim is in his interpretation of the deed made by himself and wife to Houseman. The words in the deed relied on are "and conditioned also that the construction of such road be fully completed and such road be in operation in or before the year 1900." Those words, the plaintiff con-

tends, constitute a condition subsequent, the non-performance of which by defendant vacates the grant.

In construing a deed the main guide is the intention of the parties, just as in construing a will it is the intention of the testator that must control. That intention must be gathered from the face of the whole deed, in the light of the circumstances in which the parties were at the time they executed it; and if that intention clearly appears it will be declared as the effect of the deed even if words not altogether apt are used to express it. We take from the brief of the learned counsel for the plaintiff the following well chosen quotations: "An estate upon condition is one which has a qualification annexed, by which, on the happening of a particular event, it may be created, enlarged or destroyed; . . . if it allows the estate to vest, and then to be defeated in consequence of non-performance of the requirement, it is a condition subsequent." [2 Bl. Com., ch. 10; 4 Kent's Com., etc.; Shep. Touch., ch. 6, "Of a Condition."]

"The author of the Touchstone says: 'Conditions annexed to estates are sometimes so placed and confounded amongst covenants—sometimes so ambiguously drawn—and at all times have in the drawing so much affinity with limitations, that it is hard to discern and distinguish them.'"

What was the purpose of this deed, what was the motive that led to its execution, what was the consideration?

The plaintiff owned a farm lying two miles from the Missouri river, the defendant was proposing to build an electric railroad from St. Louis to St. Charles, passing through, on the border of plaintiff's land, thus putting him in convenient reach of both those cities. Defendant applied to plaintiff for the right-of-way for its railroad through his land and this deed was given. The only money consideration mentioned is one dollar, which was certainly not the only or the real

consideration; for we cannot imagine the plaintiff being moved by the tender of one dollar to sell to a stranger, from whom he was to expect nothing else, a strip of his land twenty-five feet wide along his whole border. The deed says it was given in consideration of one dollar "and in further consideration of the conditions, covenants and agreements hereinafter mentioned." The deed, therefore, calls not only for one dollar but for conditions also, and not only for conditions also, but for covenants and agreements besides. And when plaintiff's attorney wrote the formal notice to the defendant declaring the deed to Houseman of no force and effect, he, too, understood that the deed contained covenants as well as conditions. In the first paragraph of the notice, only one condition is mentioned and it is there said that the deed was given on that condition, which was that the grantee or his assigns should construct and maintain a railroad on the land. In the next paragraph of the notice the writer quotes from the deed the only words that expressly provide for a reversion of the title which are that "upon the failure or abandonment of said railroad enterprise" the title is to revert. The words following the clause, "and conditioned further that the construction of said railroad be fully completed and such road be in operation in or before 1900," have no words of penalty or forfeiture attached or referable to them. Then the writer of the notice proceeds to say: "And whereas, you and the said Houseman have failed to comply with the conditions and covenants contained in my deed," etc. The act mentioned in the notice as constituting the failure complained of was in not completing the road during the year 1900; whether that was a failure to perform a condition or to keep a covenant, the notice does not say. And although the notice says that the deed contained covenants as well as conditions, and whilst it points to one condition for the failure of which it is

expressly provided that the title shall revert, it does not point to a single covenant unless the obligation to finish the road in the time named is so intended.

Words expressly authorizing re-entry are not always necessary when it clearly appears from the deed that the grant is on a condition to be performed, but when such words are used they assist in making clear the meaning of the whole instrument. The deed says the land is given for one purpose only, that is, the building and maintaining the railroad, and it says that upon the failure of that purpose the land is to revert. Perhaps those words of forfeiture were unnecessary; perhaps if the railroad enterprise had been abandoned the estate granted would have reverted without those words, but by applying them in that connection and omitting to apply them in connection with the clause next following, the parties show that they did not understand that failure to complete the road in the given time should be as disastrous as failure to build at all.

The whole sentence is as follows: "Upon condition, however, that the grantee herein, his successors and assigns, shall construct and maintain a single or double-track railroad to be operated by electricity for motive power, or by such other approved power as may be adopted by the grantee or assigns, and upon the failure or abandonment of said enterprise by the grantee herein, or his successors and assigns, the privileges herein and the property hereby conveyed, shall revert to and be fully vested in the grantors, their legal representatives or assigns, and conditioned also that the construction of such road be fully completed and such road be in operation in or before the year 1900."

There is no meaning in the first clause of that sentence if the last clause is to have the effect contended for by respondent. What is the wisdom of saying in the first part of the sentence that if the road is never built the title shall revert, if it was intended to say in the last part of the same sentence that if it was not

built within the ensuing year the title was to revert? If the plaintiff's interpretation of the deed is correct, the conditions could as well and with more clearness have been expressed in this form: If the road is not built within the ensuing year the title is to revert and furthermore if the road is never to be built the title is to revert.

The main purpose of the plaintiff in giving this deed, the real consideration that moved him, was the convenient railroad connection it would give him with St. Louis and St. Charles and other points in his neighborhood. That he has obtained. If we should now say that this deed means that notwithstanding the road is complete and in full operation yet the plaintiff may have his land back or dictate to the railroad company the terms of a new sale, we would be giving to it the character of a very remarkable instrument, one which we are satisfied neither party to it had in mind when it was made.

The only way in which force and meaning can be given to both clauses is to call one a condition and the other a covenant. We hold that the clause requiring the road to be finished before or during the year 1900 was a covenant and not a condition. This is in harmony with the previous ruling of this court on this subject. [Ellis v. Kyger, 90 Mo. 600; O'Brien v. Wagner, 94 Mo. 93; Morrill v. Railroad, 96 Mo. 174; Studdard v. Wells, 120 Mo. 25; Roberts v. Crume, 173 Mo. l. c. 581.] The facts of this case are very similar to those in Gratz v. Railroad, 165 Mo. 211.

The conclusion on this point makes it unnecessary to go into the question of estoppel pleaded in the answer. The plaintiff on his own showing was not entitled to recover.

The judgment is reversed.

All concur, except *Robinson, J.,* absent.