(79 Misc. Rep. 120.)

## ROCKWELL v. UTZ.

(Supreme Court, Trial Term, Westchester County. January 27, 1913.)

1. DEEDS (§ 145*)—CONDITIONS OR COVENANTS—CONSTRUCTION.

Conditions are not favored by the courts because they tend to destroy estates, and, where it is doubtful whether a clause is a condition or a covenant, it will be construed to be a covenant, leaving the grantor to his action for damages for its breach.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 471; Dec. Dig. § 145.*]

2. DEEDS (§ 145*)—CONDITIONS—COVENANT—DISTINGUISHED FROM CONDITION.

Premises were conveyed to the grantee, after payment of their full value, by a deed containing the clause, "provided, always, and this indenture is made upon condition," that the grantee within two years from its delivery build upon each lot a dwelling house to cost not less than $5,000. Defendant built such a dwelling house upon one of the lots within the two years, and did not commence to build a house upon the other until after the grantor's action was brought. *Held*, that the clause was not a condition, but a covenant.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 471; Dec. Dig. § 145.*]

3. COVENANTS (§ 124*)—ACTION FOR BREACH—DAMAGES.

Where property does not revert to the grantor for breach of a clause providing for the building of a house thereon, the measure of damages for the grantee's breach of covenant to build a sidewalk is the difference between the value of the grantor's remaining land with the sidewalk and its value without such sidewalk.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 225–230, 255, 256, 259; Dec. Dig. § 124.*]

4. COVENANTS (§ 124*)—BREACH—NOMINAL DAMAGES.

In an action for a grantee's breach of a covenant to build a sidewalk fronting the lots, where the grantor offers no proof of damage, the court may only assume that he has suffered nominal damages.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 225–230, 255, 256, 259; Dec. Dig. § 124.*]

Action by Harriet R. Rockwell against Amalie Utz. Stipulation by the parties that the court should direct a judgment reserving its decision. Verdict directed in favor of defendant upon plaintiff's action for ejectment and in favor of the plaintiff for six cents upon plaintiff's action for breach of covenant.

Clark & Close, of White Plains, for plaintiff.
Frank M. Tichenor, of New York City, for defendant.

TOMPKINS, J. For many years the plaintiff has been the owner of a large tract of land situated at Bronxville, N. Y., a portion of which the plaintiff has laid out into lots and offered for sale for residential purposes. On July 21, 1904, the plaintiff sold two of those lots to the defendant. The deed contained the following clause:

"Provided always, and this indenture is made upon condition, that the said party of the second part, her heirs or assigns, shall within two years from the delivery of this deed, build upon each plot of the said premises, a dwelling house which shall cost not less than five thousand ($5,000) dollars."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant built such a dwelling house upon one of the lots during the time limited, but did not commence to build a dwelling house upon the other until after this action was commenced. The first cause of action set forth in the complaint is for the ejectment of the defendant from the last mentioned lot. Both causes of action turn upon the question whether the above-quoted clause is a condition or a covenant.

[1] Conditions are not favored by the courts because they tend to destroy estates, and, if it is doubtful whether a clause is a condition or a covenant, it will be construed to be a covenant, so as to avoid forfeiture, and the grantor will be left to an action for damages for its breach, even though the clause may be designated as a condition by the instrument in which it is contained. Post v. Weil, 115 N. Y. 361, 22 N. E. 145, 5 L. R. A. 422, 12 Am. St. Rep. 809; Graves v. Deterling, 120 N. Y. 447, 24 N. E. 655; Zweig v. Sweedler, 140 App. Div. 319, 125 N. Y. Supp. 171; Union Stockyards Co. v. Nashville Packing Co., 140 Fed. 701, 72 C. C. A. 195.

[2] In Avery v. N. Y. C. & H. R. R. R. Co., 106 N. Y. at page 154, 12 N. E. at page 624, the court says:

"The fact that the deed uses the language upon condition when referring to the conveyance by the grantors is not conclusive that the intention was to create an estate strictly upon condition. The question is always what was the intention of the parties, and, while such intention is to be gathered from the language used, yet its construction may frequently be aided by reference to all the circumstances surrounding the parties at the time of the execution of the deeds, because the court is thus enabled to be placed exactly in their situation, and to view the case in the light of such surroundings."

From all the circumstances surrounding the execution of the deed here in question, it must be held that the above-quoted clause is not a condition, but a covenant by the grantor to build upon each plot within two years a dwelling house to cost not less than $5,000. Same cases, and Hawley v. Kafitz, 148 Cal. 393, 83 Pac. 248, 3 L. R. A. (N. S.) 741, 113 Am. St. Rep. 282; Stone v. Houghton, 139 Mass. 175, 31 N. E. 719; Cassidy v. Mason, 171 Mass. 507, 50 N. E. 1027. The premises in question were conveyed to the defendant after payment of their full value by a deed that does not contain a provision for re-entry by the plaintiff, and this case must be distinguished from those in which land was conveyed upon nominal consideration or to public service, religious or social bodies for public or quasi public purposes.

[3] The second cause of action is for breach of the covenant to build a sidewalk 500 feet in length along part of the street frontage of the plot mentioned in the first cause of action. The plaintiff claims that she is entitled to the reasonable cost of the construction of such a sidewalk. If the property reverted to her for breach of the clause providing for the erection of the house, this would have been the proper measure of damages. As the plot does not revert to her, the proper measure of damages is the difference between the value of the plaintiff's remaining land with the sidewalk in question laid in front of the plot in question and the value of the plaintiff's remaining land without such sidewalk laid. Brooklyn Hills Improvement Co. v. N. Y. & Rockaway Beach R. R. Co., 80 App. Div. 508, 81 N. Y. Supp. 187.

[4] As there has been offered no proof of such damage, the court may only assume that the plaintiff has suffered nominal damages.

Under the stipulation, the court will direct a verdict in favor of the defendant upon the first cause of action and a verdict in favor of the plaintiff for six cents upon the second cause of action.