## WATTS et al. v. CITY OF HOUSTON.

### No. 11796.

Court of Civil Appeals of Texas. Galveston.

July 25, 1946.

Rehearing Denied Oct. 3, 1946.

C. M. Wilchar, Jr., of Houston, for appellant Watts.

W. S. Parker, pro se.

Lewis W. Cutrer, City Atty., George W. Eddy, First Asst. City Atty., and F. F. Beadle, Asst. City Atty., all of Houston (Will Sears, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This suit was brought by Thomas Pierce Converse in regular form of trespass to try title for recovery from the City of Houston of the title to Block 34, S.S.B.B., in the old townsite of the City of Houston, known as the Market Square.

The City of Houston answered formally and by special pleas that plaintiff's suit was barred by the 3, 5, 10 and 25 year statute of limitations, Articles 5507, 5509, 5510 and 5519, Revised Civil Statutes. Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519. By cross-action in trespass to'try title the city sought recovery of the land in controversy from plaintiffs and other defendants cited by publication, including appellant W. S. Parker.

Since the filing of the suit Thomas Pierce Converse has died·and his wife and W. F. Watts, whom she subsequently married, have been made parties plaintiff in the suit. Appellant, W. S. Parker, claimed title to an undivided one-half interest in said Block 34 through a conveyance from Thomas Pierce Converse, deceased.

At the close of the testimony after all parties had rested, the court granted appellee's City of Houston's motion for an instructed verdict and, upon the verdict thus returned, rendered judgment that plaintiffs take nothing by their suit and that the City of Houston recover the title to said Block 34 of the original townsite of the City of Houston from all cross-defendants. Plaintiffs, Mrs. Watts and her husband, W. F. Watts, and cross-defendant, W. S Parker, have appealed.

A. C. Allen and his brother, J. K. Allen, the admitted common source of title, were the owners in fee simple of the tract of land of which said Block 34 is a part. In 1837, shortly after acquiring title thereto, they laid out the townsite of the City of Houston and through the sale of lots by reference to "Houston Townlot Book", maps and plats of Houston, they dedicated said Block 34 to the use of the inhabitants of the City of Houston as a "Market Square". Said Block 34 was used by the City of Houston subsequent to 1840 as a market square. In 1929 a "farmers market" was established by the City at a loca-

tion other than said Block 34 for a market square, but the city continued to use the whole of said Block 34 for city purposes. In January, 1940, the city leased the eastern half of said Block 34 to the Bowen Bus Company for a period of five years with the privilege of renewal and has built and is now maintaining its offices in a new city hall at a different location.

In 1838 J. K. Allen died and his interest in said Block 34 passed to his brother, A. C. Allen. By deed dated March 25, 1861, A. C. Allen conveyed all of his right, title and interest in and to any and all of his "unsold property in and about the City of Houston" to his wife, Charlotte M. Allen. It was stipulated by the parties that there is no record in Harris County of any other conveyances of said Block 34 prior to the year 1895.

By deed dated January 12, 1895, Charlotte M. Allen bargained, sold, released and quitclaimed said Block 34 to the City of Houston. The deed recited that said land should never be sold by the city and should only be used for the maintenance thereon of a public market place and for the building of offices thereon necessary for the administration of the city's affairs. It provided that the city might erect public buildings on the western half of said block, and that these buildings might be rented by the city and the income therefrom applied to the administration of the city's affairs.

The habendum clause in said deed reads: "To have and to hold the above described premises upon the conditions above named unto the said City of Houston forever, so that neither I, the said Charlotte M. Allen, nor my heirs nor my assigns, nor any persons claiming by, through or under me, shall at any time hereafter have, claim or demand, any right, title or interest in or to the above described premises, or any part thereof." There is no provision in said deed that the title to said Block 34 shall revert to the grantor in the event the city should fail to use the property for market purposes.

In her will, which was duly probated, Charlotte M. Allen bequeathed "All the rest and residue" of her property and es-tate of every kind and description "not hereinabove disposed of" to the Second Presbyterian Church of Houston.

By deed dated December 2, 1901, the Second Presbyterian Church of Houston, through its duly authorized officers, transferred and conveyed all the right, title and interest owned or claimed by the church in and to said Block 34 to the City of Houston. The Second Presbyterian Church was made a cross-defendant in this suit in the trial court and judgment was rendered against the church and in favor of the City of Houston for the title to said Block 34.

A. C. Allen died intestate in 1864, leaving as his sole surviving heirs his wife, Charlotte M. Allen, and his daughter, Eliza Allen Converse. Thomas Pierce Converse was the son of Eliza Allen Converse and her only surviving heir.

In plaintiffs' original petition in this cause, which was filed on May 14, 1940, it was alleged that said Block 34 had been abandoned by the City of Houston on January 1, 1940, for the purpose for which it had been dedicated and that the title thereto had reverted to the heirs of A. C. and J. K. Allen and their assigns.

█ It has been uniformly held by the courts of this State that the "Acceptance of a dedication does not operate to pass the fee in the land to the public nor to the county or municipality but only an easement therein", 14 Tex.Jur. 722, par. 29, and that "The owner of land who had dedicated it for public use retains all the rights therein not necessary for the enjoyment of the easement by the public." 14 Tex.Jur. 734, par. 39.

In 26 C.J.S., Dedication, § 53a, p. 139, it is said that: "* * * While the dedicator holds the technical legal fee for the donated use so long as that use continues, he retains his exclusive right in the soil for every purpose."

McQuillan on Municipal Corporations, 2d Ed., Vol. 4, page 819, announces the rule that: "An owner of land who dedicates it to the public retains the ownership of the fee and grants only an easement, and he can continue to use the property in any way he sees fit so long as the use is not

inconsistent with the public use for which the property was dedicated."

Further, it is the general rule that the mere recital of a use or purpose in a grant of land, together with a prohibition of the use of the land for other purposes, is usually held to create a covenant and not a condition subsequent when there are no words in the instrument conveying the land for certain purposes relating to re-entry or forfeiture, but simply a declaration that the land conveyed shall not be used for any other purpose than that specified, and when the instrument contains other apt language denoting the grant of an unconditional fee in the land.

In the case of Toole v. Christ Church, Houston, Tex.Civ.App., 141 S.W. 2d 720, 722, writ of error refused, this court, in passing on a similar question under an almost parallel state of facts, in its opinion said: "It has long been the settled law in this state that where a deed contains apt language denoting the grant of an unconditional fee estate in land, other language contained in the instrument which denotes that the land was granted for a particular purpose is not regarded as implying that the grant is conditional. * * * We think that the granting clause in the deed under consideration conveys an unconditional fee title to the property in controversy and that the subsequent recital in the habendum clause limiting the use to which the property may be put, even though it contains a phrase prohibiting other use, falls within the rule above stated and that it does not create a condition subsequent."

The following authorities are in accord with the rule above announced: Sisk v. Randon, 123 Tex. 326, 70 S.W.2d 689; Newton v. Village of Glenn Ellyn, 374 Ill. 50, 27 N.E.2d 821; Krueger v. St. Louis, St. C. & W. Railway Co., 105 Mo. 227, 84 S.W. 898; Frenchville v. Gagnon, 112 Me. 245, 91 A. 951; Rockwell v. Utz. 79 Misc. 120, 139 N.Y.S. 529.

It is undisputed in the record in the instant case that A. C. Allen after the dedication of said Block 34 to the City of Houston as a market place, conveyed the fee-simple title remaining in him to Charlotte M. Allen, burdened with this easement. Charlotte M. Allen, in a deed which, under the above authorities, did not create a condition subsequent and consequently no right of re-entry or possibility of reverter, conveyed said Block 34 to the City of Houston. If any interest in said land remained in Charlotte M. Allen after the execution and delivery of her deed conveying said Block 34 to the City of Houston it passed by her will into the Second Presbyterian Church of Houston, and in 1901 whatever interest the church had passed by deed from the church into the city.

It has been uniformly held in the decisions by the courts of this state and by the weight of authority from other jurisdictions, that the right of re-entry after a condition subsequent has been broken and the right of reverter are not only assignable (Perry v. Smith et al., Tex.Com.App., 231 S.W. 340 opinion adopted by Supreme Court; Caruthers v. Leonard, Tex.Com. App., 254 S.W. 779) but that these rights may be devised. Myrick v. Leddy, Tex. Civ.App., 37 S.W.2d 308.

The following authorities from other jurisdictions are in accord with the rule above announced: Ricks v. Merchants National Bank & Trust Co. of Vicksburg, 191 Miss. 322, 2 So. 2d 344; Hoyt v. Ketcham, 54 Conn. 60, 5 A. 606.

While under the above authorities we do not think that the deed from Charlotte M. Allen conveying said Block 34 to the City of Houston created a condition subsequent or that it reserved to the grantor a right of re-entry or the possibility of a reverter, this condition or right, if it was retained by the grantor in said deed, passed by Charlotte M. Allen's will into the Second Presbyterian Church of Houston and by deed from the church in 1901 into the City of Houston.

Since the above facts are undisputed in the record and are therefore questions of law determinable by the court, we think that no error was committed by the trial court in granting appellee's motion for an instructed verdict and in refusing to submit issues of fact to the jury.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.