Craig B. Singer and Carol G. Singer v. First Baptist Church, Carrollton, Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-361-CV

CRAIG B. SINGER AND APPELLANTS

CAROL G. SINGER

V.

FIRST BAPTIST CHURCH, APPELLEE

CARROLLTON, TEXAS

------------

FROM THE
 
211TH 
DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Craig B. Singer and Carol G. Singer (the “Singers”) appeal the trial court’s granting of summary judgment in favor of Appellee First Baptist Church, Carrollton, Texas (“First Baptist”).  Because we hold that the trial court erred by granting First Baptist’s motion for summary judgment, we reverse the trial court’s judgment and remand this case for proceedings consistent with this opinion.

I.  Factual and Procedural History

This case arose out of a dispute over an interest or right in a specific tract of land.  On December 31, 1991, the Singers executed several documents conveying real estate interests to the City of Carrollton (the “City”).  One of these interests was a donation of a 6.451-acre tract of land referred to by the parties and described herein as “Tract II.”  The deed was titled, “Donation Deed,” and “Proposed Carrollton Parkway” is written in small print in the top right-hand corner of the deed.

That same day, the Singers and the City entered into a separately drafted, unrecorded agreement titled, “Agreement Regarding Donation of Real Property” (the “Agreement”).  The Agreement recognized that the Singers owned property in Denton County through which the “121 Bypass”—the proposed state highway intended to connect State Highway 121 with Interstate Highway 35—was to extend.  In exchange for the Singers’ donation of Tract II to the City, the City agreed that Tract II was to be used as Carrollton Parkway and that the City would “take no action to change the location of Carrollton Parkway or the Carrollton Parkway Design Schematic.”  The Agreement further provided,

If for any reason whatsoever, Carrollton Parkway does not or cannot substantially conform in all material respects to the 121 Design Schematic and the Carrollton Parkway Design Schematic, then [the City] shall, upon the written demand of [the] Singers, reconvey to the Singers by Warranty Deed and such other documentation as may reasonably be requested by [the] Singers, that portion of the Donation previously conveyed by the Singers pursuant to the Carrollton Deeds and not used in the actual construction of Carrollton Parkway, and the Singers shall further have the right to seek injunctive relief and recovery from Carrollton for any and all damages sustained by the Singers.

The Agreement inures to the benefit of the parties’ successors and assigns. On September 4, 1997, the Singers conveyed by special warranty deed four tracts of land to Elm Fork Ranch Partners, Ltd., (“Elm Fork”), including two tracts of land (“Tracts I and III”) adjacent to Tract II.  The Singers granted to Elm Fork “all rights and appurtenances pertaining [to Tracts I and III] and all right, title and interest of [the Singers] in and to adjacent streets, alleys, strips and gores and rights-of-way.”  The deed was made subject only to those matters set forth in an attached exhibit, but it does not describe any interest or right that the Singers had with regard to the City.

On December 13, 2001, Elm Fork conveyed to First Baptist by special warranty deed Tracts I and III (one was 41.926 acres and the other was 66.623 acres).  On that same date, Elm Fork executed a quitclaim deed to First Baptist, quitclaiming its right, title, and interest, if any, to Tract II.

The City ultimately decided to relocate Carrollton Parkway to a more northerly location.  Consequently, the Singers claimed that the City had triggered the condition specified in the Agreement whereby the City agreed to reconvey Tract II to the Singers if Carrollton Parkway did not conform to the design schematic previously agreed upon.  They requested that the City reconvey the subject property in a letter to the City dated December 9, 2004. 

On May 18, 2005, First Baptist sued the Singers.  They alleged in their second amended petition that the Singers’ interest in Tract II as set forth in the Agreement is a right of reentry.  First Baptist alleged that the Singers transferred by special warranty deed the right of reentry to Elm Fork in 1997 when they conveyed to Elm Fork all of their right, title and interest to all rights of way adjacent to Tracts I and III, and Elm Fork subsequently assigned this alleged right of reentry to First Baptist.  Accordingly, First Baptist sought a declaratory judgment that “it is the owner of the Right of Reentry” and that “the Singers no longer have any right, title, or interest in and to the Right of Reentry or to any cause of action, whether for injunctive relief or for damages, relating in any respect to the Right of Reentry or to Tract II.”

First Baptist subsequently filed a motion for summary judgment on its requested declarations, arguing, among other things, that Tract II is a right of way, that the interest claimed by the Singers is a right of reentry, and that the Singers’ conveyance to Elm Fork of all of their right, title, and interest in rights of way expressly included the Singers’ interest in Tract II.  The Singers responded, claiming that the City and Elm Fork are necessary parties to the litigation and that fact issues exist regarding the rights that First Baptist received  pursuant to the quitclaim deed from Elm Fork and the complexity of the underlying transactions and relief sought.  They also argued that Tract II is not a right of way, that there is no right of reentry in the Donation Deed, and that their rights under the Agreement have not been conveyed.

The trial court granted First Baptist’s motion for summary judgment.  The trial court’s order declares that First Baptist is the assignee and current owner of the right of reentry set forth in the Agreement and that the Singers have no right, title, or interest in the right of reentry and “no cause of action, whether for injunctive relief or for damages, relating in any respect to the Right of Reentry or to such Tract II.”  This appeal followed.

In eight issues, the Singers argue that the trial court erred (1) by granting summary judgment in favor of First Baptist; (2) by declaring that First Baptist is the assignee and current owner of a right of reentry; (3) by declaring that the Singers have no right, title, or interest in and to the alleged right of reentry; (4) by declaring that there is a right of reentry; (5) by declaring that they have no cause of action relating to the alleged right of reentry; (6) by granting summary judgment relating to a tract of land with a legal description that differs from the Donation Deed; (7) by granting summary judgment in the absence of a necessary party, the City; and (8) by granting summary judgment in the absence of Elm Fork, a necessary party.

II.  Summary Judgment Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.
(footnote: 2)  
The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.
(footnote: 3)
 When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
(footnote: 4)  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.
(footnote: 5)
 The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.
(footnote: 6)  The function of summary judgment practice is not to deprive a litigant of the right to a jury trial, but to eliminate patently unmeritorious claims and untenable defenses.
(footnote: 7)
III.  Tract II Interest

In their second through fourth issues, the Singers argue that the trial court erred by granting First Baptist’s motion for summary judgment.  The focus of their arguments is that Tract II is not a right of way but a fee, that the Donation Deed itself contains no right of reentry, and that they did not convey or assign their rights under the Agreement to Elm Fork.

A.  Deed Construction

The cardinal rule applied in construing written instruments, including deeds, is to give effect to the intention of the parties as expressed by the language used in the instrument.
(footnote: 8)  When the terms of a deed plainly and clearly disclose the intention of the parties, or when the language used is not fairly susceptible to more than one interpretation, the intention of the parties must be ascertained by the court as a matter of law from the language used in the writing.
(footnote: 9)  This rule of construction is known as the “four corners” rule.
(footnote: 10)  When a deed is intended as a complete memorial of a legal transaction, parol evidence is inadmissible to show prior or contemporaneous agreements relating to that transaction or to explain or vary the terms of the deed.
(footnote: 11)  If a contract or deed is found to be ambiguous, however, parol evidence is admissible to ascertain the true intent of the parties.
(footnote: 12)  A deed is not ambiguous when the parties merely disagree about its interpretation.
(footnote: 13)
 First Baptist and the Singers merely disagree about the interpretation of the Donation Deed.  Further, our review of the deed reveals no ambiguity on its face.  Accordingly, the deed’s construction is a question of law.

B.  Tract II

The sole source of the interest claimed by First Baptist is the “rights-of-way” language contained in the deed evidencing the Singers’ conveyance of Tracts I and III to Elm Fork.  First Baptist argues that Tract II is a right of way and that the Singers transferred their right to reconveyance of Tract II, which is contained in the Agreement, when they conveyed Tracts I and III and all of their right, title, and interest to adjacent rights of way to Elm Fork, who subsequently quitclaimed its interest in Tract II to First Baptist.  If Tract II is not a right of way, then First Baptist has no interest therein.

The Donation Deed evidencing the donation of Tract II to the City provided in part,

That, Craig B. Singer and wife Carol G. Singer . . . do Grant, Give, and Convey unto the City of Carrollton, State of Texas, Grantee, all that certain tract or parcel of land in Denton County, Texas, more particularly described in Exhibit “A”, attached hereto and incorporated by reference for all purposes (“Land”).

SAVE and EXCEPT, HOWEVER, it is expressly understood and agreed that Grantors are retaining title to the fences, if any, located on the above described property.

. . . . 

Grantors reserve all of the oil, gas, sulphur, and all other minerals and materials in and under the land herein conveyed but waive all rights of ingress and egress to the surface thereof for the purpose of exploring, developing, mining or drilling for same.

The Donation Deed refers to the tract as “land” throughout the document, and the attached exhibit introduces the property as being a “tract of land” before setting forth the metes and bounds descriptions.  There is no reference to a right of way.

First Baptist cites the definition of “right of way” in Black’s Law Dictionary as the “right to build and operate a railway line or a highway on land belonging to another, or the land so used.”
(footnote: 14)  Black’s Law Dictionary also defines “right of way” as the right to pass through property by another that may be established by contract, by longstanding usage, or by public authority (as with a highway), or the strip of land subject to a nonowner’s right to pass through.
(footnote: 15)
 To support its assertion that Tract II is a right of way, First Baptist directs us to the language in the top right-hand corner of the Donation Deed, which states, “Proposed Carrollton Parkway.”  This language, however, does not transform the property into a right of way:

It has long been the settled law in this state that where a deed contains apt language denoting the grant of an unconditional fee estate in land, other language contained in the instrument which denotes that the land was granted for a particular purpose is not regarded as implying that the grant is conditional.
(footnote: 16)

We agree with the Singers that the notation of “Proposed Carrollton Parkway” on the Donation Deed might describe the City’s intended use for the land, but it does not change the type of interest conveyed.

Citing 
Texas Electric Railway Co. v. Neale
,
(footnote: 17) First Baptist reasoned in oral argument that a right of way can be a fee simple.  In 
Neale
, the deed had an apparently unrestricted granting clause but later contained the term “right of way” and stated a use for the right of way.
(footnote: 18)  The supreme court noted that “[t]he term ‘right of way’ has a two-fold signification.  It sometimes is used to describe a right belonging to a party, a right of passage over any tract; and it is also used to describe that strip of land which railroad companies take upon which to construct their road-bed.”
(footnote: 19)  The court went on to hold that the stated restriction on use by the grantee did not define or limit the estate or title granted and that a fee title was conveyed.
(footnote: 20)  The court explained, “There do appear in the deed words which show the purpose for which the grant is made, but those words do not undertake to reduce or debase what has been granted from a fee title to a mere easement.”
(footnote: 21)  The court thus differentiated between a fee simple and a right of way, contrary to First Baptist’s contention.  Similarly, in the case before us, 
although there are words on the deed that show the purpose for which Tract II was granted, they do not “reduce or debase what has been granted from a fee title” to a mere right of way.
(footnote: 22) First Baptist also points to documents in which the City, the Singers, and First Baptist “have repeatedly referred to and recognized Tract II as a right-of-way.”  They cite to City Council minutes and an IRS form executed by the City, among other things.  But this is parol evidence that may not be used to explain or vary the terms of the unambiguous deed.
(footnote: 23)
 Moreover, the Singers did not relinquish their right of reconveyance when they sold Tracts I and III to Elm Fork.  The deed evidencing the conveyance of Tracts I and III to Elm Fork from the Singers provides, “This conveyance is made subject only to the matters set forth on Exhibit ‘B’ attached hereto and incorporated herein by this reference for all purposes, to the extent the same are valid and subsisting and affect the Property.”  Exhibit B lists, among other things, a temporary easement granted by the Singers to the City, but it does not describe the Singers’ right to demand a reconveyance of Tract II.  This alleged right is instead found in the Agreement, which was apparently not filed in the real property records and is not part of the Singers/Elm Fork deed.  The four corners rule for deed construction requires the court to ascertain the intent of the parties solely from the language in the deed.
(footnote: 24)  Nothing else in the deed demonstrates any intent on behalf of the Singers to transfer their right to reconveyance of Tract II to Elm Fork.

First Baptist argues alternatively that the Singers’ right to reconveyance of Tract II ran with the land.  In Texas, a real property covenant runs with the land when it touches and concerns the land, relates to a thing in existence or specifically binds the parties and their assigns, is intended by the parties to run with the land, and when the successor to the burden has notice.
(footnote: 25)  First Baptist’s argument is unpersuasive because the Singers donated Tract II to the City, not to Elm Fork, and the right to reconveyance concerns Tract II, not Tracts I and III.
(footnote: 26)  There is no summary judgment evidence that Elm Fork ever took any interest in Tract II, and the Singers’ right to reconveyance of Tract II does not “run with the land” of Tracts I and III just because they are in close proximity to Tract II.

First Baptist further appears to argue that the Singers assigned their right to reconveyance of Tract II to Elm Fork, who subsequently quitclaimed its interest to First Baptist.  The Singers admit that the contract is assignable because the Agreement states that it “shall inure to the benefit of, and shall be binding upon the parties hereto, their heirs, executors, administrators, successors and assigns.”  But this is essentially the same argument that First Baptist asserts above but couched in different terms.  There is no summary judgment evidence that the Singers assigned their rights under the Agreement to any party, including the City, Elm Fork, or First Baptist.

We hold that the Donation Deed conveyed a fee simple with no restriction on use, not a right of way.  Even assuming that a right of way can be a fee simple that has a descriptive purpose, the Donation Deed is insufficient to limit  the purpose as such and is thus insufficient to transfer a restricted right of way.  Because the Donation Deed conveyed a fee simple, Elm Fork took no interest in Tract II by way of the Singer deed.  Consequently, First Baptist took no interest by way of Elm Fork’s subsequent deed quitclaiming its interest in Tract II.  Elm Fork quitclaimed the interest it had in Tract II—none.  Accordingly, because First Baptist did not meet its burden of establishing that it was entitled to summary judgment as a matter of law, the trial court erred by granting First Baptist’s motion for summary judgment.
(footnote: 27)  We sustain the Singers’ second, third, and fourth issues.  In light of our holding sustaining the Singers’ second, third, and fourth issues, we need not address their remaining issues.
(footnote: 28)

IV.  Conclusion

Having sustained the Singers’ second, third, and fourth issues, we 
reverse the trial court’s judgment and remand this case for proceedings consistent with this opinion.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  July 13, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).

3:
Sw. Elec. Power Co., 
73 S.W.3d at 215.

4:
Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
 

5:
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

6:
Clear Creek Basin
, 589 S.W.2d at 678.

7:
Gulbenkian v. Penn
, 151 Tex. 412, 252 S.W.2d 929, 931 (1952).

8:
Luckel v. White
, 819 S.W.2d 459, 461 (Tex. 1991).

9:
Cherokee Water Co. v. Freeman
, 33 S.W.3d 349, 353 (Tex. App.—Texarkana 2000, no pet.).

10:
Luckel
, 819 S.W.2d at 461.

11:
Terrill v. Tuckness
, 985 S.W.2d 97, 101 (Tex. App.—San Antonio 1998, no pet.).

12:
Friendswood Dev. Co. v. McDade & Co.
, 926 S.W.2d 280, 283 (Tex. 1996).

13:
Terrill
, 985 S.W.2d at 
102.

14:
Black’s Law Dictionary 1351
 (8th ed. 2004).

15:
Id
.

16:
Watts v. City of Houston
, 196 S.W.2d 553, 556 (Tex. Civ. App.—Galveston 1946, writ ref’d) (citing 
Toole v. Christ Church
,
 Houston
, 141 S.W.2d 720, 722 (Tex. Civ. App.—Galveston 1940, writ ref’d)).

17:
252 S.W.2d 451, 454 (Tex. 1952); 
see also Lakeside Launches, Inc. v. Austin Yacht Club, Inc.
, 750 S.W.2d 868, 871 (Tex. App.—Austin 1988, writ denied).

18:
Neale
, 252 S.W.2d at 453-54.

19:
Id
. at 454 (quoting 
Joy v. City of St. Louis
, 138 U.S. 1, 44, 11 S. Ct. 243, 256 (1891)).

20:
Id
. at 454-55.

21:
Id
. at 454.

22:
See id
.

23:
Terrill,
 985 S.W.2d at 101.

24:
Cherokee Water Co.
, 33 S.W.3d at 353.

25:
Inwood N. Homeowners’ Ass’n, Inc. v. Harris
, 736 S.W.2d 632, 635 (Tex. 1987).

26:
See Panhandle & S.F. Ry. Co. v. Wiggins
, 161 S.W.2d 501, 504-05 (Tex. Civ. App.—Amarillo 1942, writ ref’d w.o.m.) (reasoning that covenant must be contained in the grant of land or in the grant of some property interest therein and that there must be a mutual or successive relationship to the same rights of property).

27:
See 
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power, 
73 S.W.3d at 215.

28:
See 
Tex. R. App. P.
 47.1.