## MRS. A. R. RICHARDSON V. C. R. HART.

No. A-360. Decided February 14, 1945.
Rehearing overruled March 14, 1945.
(185 S. W. 2d Series, 563.)

*Storey, Sanders, Sherill & Armstrong,* of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold that the transfer of royalty clause was subordinate, inferior and dependent on the clause conveying the interest in the possibility of reverter and must be made to conform thereto as to the fraction of interest conveyed, because thereby the transfer of royalty clause was not given the proper meaning, place and consideration to which it was entitled by reason of its own subject matter and terms. Jones v. Bedford, 56 S. W. (2d) 305; Caruthers v. Leonard, 254 S. W. 779; Spell v. Hanes, 139 S. W. (2d) 229.

*Clark, Craik, Burns & Weddell,* of Fort Worth, for respondent.

In response to plaintiff's proposition, respondent cites: Allen v. Creighton, 131 S. W. (2d) 47; Lively v. Federal Land Bank, 176 S. W. (2d) 264; Smith v. Duncan, 62 S. W. (2d) 365.

MR. JUDGE FOLLEY, of the Commission of Appeals, delivered the opinion for the Court.

This suit was filed by the respondent, C. R. Hart, against the petitioner, Mrs. A. R. Richardson, and involves the construction of a mineral deed from W. J. Gamble to W. A. Mulkey conveying a fractional interest in the minerals in a ten-acre tract of land in Rusk County. Hart claims through Mulkey and Mrs. Richardson claims by inheritance from her deceased parents, Mr. and Mrs. W. J. Gamble.

Omitting the description of the land the deed in question is as follows:

"THE STATE OF TEXAS )
COUNTY OF RUSK        )    KNOW ALL MEN BY THESE PRESENTS:

"That I, W. J. Gamble, of Rusk County, Texas, for and in consideration of the sum of Ten & No/100 Dollars ($10.00) cash in hand paid by W. A. Mulkey hereinafter called Grantee, the receipt of which is hereby acknowledged, have granted, sold, conveyed, assigned and delivered and by these presents do grant, sell, convey, assign and deliver unto the said Grantee and undivided 1/16th of 1/8th interest in and to all of the oil, gas and other minerals in and under, and that may be produced from the following described land situated in Rusk County, Texas, to-wit:

"* * * * **

"Together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said land for oil, gas and other minerals, and removing the same therefrom.

"Said land being now under an oil and gas lease executed in favor of C. M. Joiner, Trustee, it is understood and agreed that this sale is made subject to the terms of said lease, but covers and includes 1/16th of 1/8th of all of the oil royalty, and gas rental of royalty due to be paid under the terms of said lease.

"It is understood and agreed that none of the money rentals which may be paid to extend the terms within which a well may be begun under the terms of said lease is to be paid to the said Grantee and in event that the above described lease for any reason becomes cancelled or forfeited, then and in that event none of the lease interest and all future rentals on said land for oil gas and other mineral privileges shall be owned by said Grantee, he owning 1/16th of 1/8th of all oil, gas and other minerals in and under said lands, together with no interest in all future rents.

"TO HAVE AND TO HOLD the above described property, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee herein, his heirs and assigns forever; and I do hereby bind myself, heirs, executors and administrators to warrant and forever defend all and singular the said property unto the said Grantee herein his heirs, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"WITNESS my hand this the 31st day of March, 1931.

(Signed) W. J. Gamble."

The lease in favor of C. M. Joiner, Trustee, was not introduced in evidence but it is otherwise shown that it provided for the usual 1/8th royalty to be paid to the grantor upon the oil or other minerals produced from the land. From the record and briefs of the parties we also assume that the lease included only the ten acres here involved and our disposition of the cause will be based upon these assumptions.

Respondent Hart filed this suit May 5, 1942, in the nature of an action in trespass to try title, asserting title to an "undivided one-sixteenth (1/16th) interest in the royalty, being an undivided 1/128th interest in and to all the minerals" in the land. By an alternative count he sought reformation of the deed,

alleging an ambiguity and mutual mistake in connection with the use therein of the term "1/16th of 1/8th of all the oil royalty" due and to be paid under the oil and gas lease to C. M. Joiner, Trustee. He further asserted that it was intended by such language to convey 1/16th of the 1/8th royalty rather than 1/16th of 1/8th of the 1/8th royalty due or payable under the lease. Mrs. Richardson pleaded not guilty, and in response to respondent's plea for reformation interposed certain limitation defenses to which respondent made no answer. In a trial before the court without a jury judgment was entered for the respondent Hart for title to a 1/128th of all the oil, gas and other minerals in and under and *produced* from the land. In the judgment no notice was taken of the existing lease nor of the plea for reformation or the limitation defenses thereto. It is presumed the recovery allowed was based solely on the count in trespass to try title, the respondent thus relying upon the deed as written. The judgment was affirmed without reformation by the Court of Civil Appeals. 183 S. W. (2d) 235.

The judgment of the trial court fails to subject the interest decreed to Hart to the terms of the existing lease and thereby limit the royalty interest in the oil *produced* to 1/128th of the 1/8th royalty paid under the lease. The net result is that Hart is adjudged not only the title to 1/128th of the minerals in place, but also the equivalent of 1/128th of all the oil produced under the lease, rather than 1/128 of the 1/8th royalty, of 1/1024th of all the oil or other minerals produced under the lease.

The Court of Civil Appeals affirmed the judgment of the trial court upon the theory that the deed in question is ambiguous in its terms, and held that since the parties to the contract construed the deed as conveying title to 1/128th of all the oil produced under the lease, or 1/16th of the royalty, controlling effect should be given to such interpretation placed upon the contract by the parties. Mrs. Richardson contends that the deed is not ambiguous and that under its plain and distinct terms Hart was entitled to receive no more than 1/128th of the 1/8th royalty due and payable under the lease.

■ It is our opinion that the deed is not ambiguous, and in the absence of such ambiguity the rule of construction announced by the Court of Civil Appeals is not applicable. Where the terms of the contract are plain and umbiguous the construction given it by the contracting parties is ordinarily immaterial and, in the absence of fraud, accident or mistake, parol evidence is not

admissible to vary its terms. Murphy v. Dilworth, 137 Texas 32, 151 S. W. (2d) 1004; Henry v. Phillips, 105 Texas 459, 151 S. W. 533; El Paso & S. W. R. Co. v. Eichel & Weikel, 130 S. W. 922, writ refused; Ranger, Cisco Oil Co. v. Consolidated Oil Co. of Texas, 239 S. W. 648.

■ It is clear, we think, that the instrument conveyed two separate and distinct estates in the land. The first was a permanent interest in the minerals in place which was to subsist during and beyond the life of the existing lease. The other was the royalty to be due and payable under the lease. The first estate is determined in the first and fourth paragraphs of the deed which precisely define and prescribe the interest conveyed as being 1/16th of 1/8th, or 1/128th, of all the oil, gas or other minerals in and under or produced from the land. This estate is fixed as a permanent grant irrespective of the existence, duration or termination of this or any future lease, and, in the absence of an agreement to the contrary, would determine the proportionate share of the grantee or his assigns in the royalties in the oil or other minerals produced from the land. Without any stipulation as to royalties the interest thus conveyed would carry with it by operation of law the right to 1/128th of the royalties paid under any lease. However, the parties did not leave the matter of the payment of royalties under the existing lease to be determined by operation of law. In the third paragraph of the deed they made a covenant in regard thereto which passed to the grantee the second estate above mentioned. The fact that it fixes the share in the present royalties the same as would have obtained by operation of law does not lessen its force and effect as a conveyance. As is often the case such payment of royalty might have been larger or smaller than a pro rata share. At any rate, the third paragraph conveys the second estate by subjecting the estate granted in the first and fourth paragraphs to the terms of the present lease and limiting the royalty interest to the same proportionate share as such estate bears to all the minerals, that is 1/16th of 1/8th, or 1/128th of "all of the oil royalty" due or to be paid under the lease. In our judgment the term 1/16th of 1/8th of all of the oil royalty" could reasonably have but one meaning, and that is 1/128th of all the royalty paid under the lease. Since "all of the oil royalty" to be paid was the equivalent of 1/8th of all of the oil produced, the interest of respondent in such 1/8th royalty would amount to 1/128th thereof or 1/1024th of all of the oil or other minerals produced under the lease. Hoffman v. Magnolia Petroleum Co., 273 S. W. 828; Jones v. Bedford, 56 S. W. (2d) 305, writ refused.

The judgments of both courts below are therefore reformed so as to adjudge respondent Hart a 1/128th interest in the oil, gas and other minerals in and under the land in question and a 1/128th of all the 1/8th royalty, or 1/1024th of all the oil, gas or other minerals, produced from the land under the lease to C. M. Joiner, Trustee, and as so reformed such judgments are affirmed.

Opinion adopted by the Supreme Court February 14, 1945.

Rehearing overruled March 14, 1945.