**WILLIAMS v. J. & C. ROYALTY CO. et al.**

No. 12478.

Court of Civil Appeals of Texas. San Antonio.

Dec. 3, 1952.

Rehearing Denied Jan. 7, 1953.

Cox, Patterson & Freeland, McAllen, for appellant.

Hall, Rawlins & Hall, Edinburg, Lauderdale & Bowe, Mercedes, L. Hamilton Lowe, Austin, Storey, Sanders, Sherrill & Armstrong, Dallas, for appellees.

NORVELL, Justice.

This is a suit for a declaratory judgment construing the following mineral reservation or exception contained in two deeds dated March 23, 1934, executed by American Rio Grande Land and Irrigation Company to H. A. Manley (For discussion purposes, we have divided the wording of the reservation into first, second and third clauses, by inserting numbers in the text):

"This deed of conveyance is made and is accepted by the parties at interest hereto subject to a certain oil, gas and mineral lease dated December 22, 1933, executed by American Rio Grande Land and Irrigation Company and McCollum Exploration Company; (1) out of the grant hereby made there is, however, excepted and reserved to the Grantor herein, its successors and assigns, one-half of the royalty retained in the above mentioned lease, (2) being one-sixteenth of all oil and gas, and one-twentieth of other minerals in and to said premises hereby conveyed, except sulphur, being twenty-five cents per long ton, (3) and it is

understood and agreed that the Grantor, its successors and assigns shall have, and it hereby has, the right and power to take all usual, necessary and convenient means for working getting, drilling for, laying up, dressing, making merchantable and taking away said minerals, and also for the said purpose and for any other purposes whatsoever, to make and repair wells, mines, shafts, tunnels, pipe lines and drains, in, upon, into and beneath such lands, and to lay and repair pipes under, upon or above them for carrying water to and from manufactory or other buildings."

The granting clause in the McCollum Exploration Company lease mentioned in the above quoted reservation, provided that:

"Lessor (American Rio Grande Land and Irrigation Company) * * * hereby grants, leases and lets exclusively unto Lessee for the purpose of investigating, exploring, prospecting, drilling and mining for and producing oil, gas and all other minerals, laying pipe lines, building tanks, power stations, telephone lines and other structures thereon to produce, save, take care of, treat, transport, and own said products, and housing its employees, the following described land in Hidalgo County, Texas, to-wit: (describing property) * * *."

This lease subsequently became inoperative and was released by a recordable instrument dated June 20, 1945.

The trial court, by judgment rendered May 31, 1952, held that the mineral interest reserved in the Manley deeds did not terminate with the expiration of the lease, but, on the contrary, adjudged that appellees were the owners of the following described permanent mineral interest:

"* * * an undivided 1/16 of all oil and gas and 1/20 of other minerals in and to the land above described, except sulphur, being twenty-five cents per long ton, together with the right and power to take all usual necessary and convenient means for working, getting, drilling for, laying up, dressing, making merchantable, and taking

away said minerals, and also for the said purposes and for any other purpose whatsoever to make and repair wells, mines, shafts, tunnels, pipe lines and drains in, upon, into and beneath such lands and to lay and repair pipes under, upon or above them for carrying water to and from manufactory and other buildings, in fee."

Appellant urges that a "royalty interest" only was retained by the American Rio Grande Land and Irrigation Company in its conveyances to Manley and that this interest terminated with the McCollum Exploration Company lease. In other words, it is said that the reservation above set out should be construed as if it contained only that provision which we have designated as the first clause thereof.

■■ We are unable to agree with appellant's contention. We may not needlessly reject the wording placed in a written instrument by the parties thereto, nor delete a clause of a contract as surplusage unless judicially mandatory, but must ascertain the intention of the parties from the entire instrument by giving effect if possible to all the phrases and words therein contained. Fleming v. Ashcroft, 141 Tex. 41, 175 S. W.2d 401; Holloway's Unknown Heirs v. Whatley, 133 Tex. 608, 131 S.W.2d 89, 123 A.L.R. 843; Scheller v. Groesbeck, Tex. Com.App., 231 S.W. 1092; 17 C.J.S., Contracts, § 297, p. 707, 14 Tex.Jur. 919, Deeds, § 140. It cannot be said that a royalty interest only was retained and at the same time give effect to the third clause of the reservation which provides that the "Grantor, its successors and assigns shall have * * * the right and power to take all usual, necessary and convenient means for working, getting, drilling for, laying up, dressing, making merchantable and taking away said minerals, etc."

At the time the deeds containing the disputed reservation were executed, the premises conveyed thereby were covered by an oil and gas lease. The exclusive right to investigate, explore or drill for oil, gas and other minerals is generally and perhaps necessarily vested in the lessee under the usual form of oil and gas lease used in this

State and was so vested by the lease referred to in the reservation. A reserved right in the grantor to explore, drill, etc., for oil, gas and other minerals, indicates clearly that the contracting parties contemplated that the mineral interest retained should survive the termination of the oil and gas lease then in existence.

It is true that in the first clause of the reservation, the parties used the term "royalty" but they went further, and in the second and third clauses set forth fully and completely what they meant thereby even to the extent of stating certain of the appurtenances thereto. When contracting parties set forth their own definitions of the terms they employ, the courts are not at liberty to disregard such definitions and substitute other word meanings therefor.

The trial court's construction of the reservation was correct, and the judgment appealed from is accordingly affirmed. Richardson v. Hart, 143 Tex. 392, 185 S.W. 2d 563.

Affirmed.