DELTA DRILLING COMPANY, Appellant,

v.

Maxwell D. SIMMONS et al., Appellees.

Nos. 16008, 16009.

Court of Civil Appeals of Texas.

Fort Worth.

May 22, 1959.

Rehearing Denied June 19, 1959.

Kliewer & Roach, and Edward Kliewer, Jr., Dallas, for appellant.

Spruiell, Lowry, Potter, Lasater & Guinn, and Wilbert Lasater, Tyler, for appellees.

MASSEY, Chief Justice.

The case before us is by consolidation of appeals taken by Delta Drilling Company. By one case this Company appealed from a partial summary judgment in an abundance of precaution and because of the possibility that it might properly be considered to have been a final judgment. By the other case the Company appealed from the final judgment which incorporated the summary judgment as a part thereof, then by application of the principles of law decided upon pursuant to entry of summary judgment, adjudicated the property rights of the parties as in a declaratory judgment, fixing attorney's fee, and decreeing recovery as for unsecured indebtedness, etc.

■ We agree with all the attorneys that the appeal taken from the partial summary judgment was erroneous and the case by which it is presented is ordered dismissed.

We affirm the final judgment.

The appellant, Delta Drilling Company, is successor to such interest under a deed as was originally received by one of two grantees, each of whom acquired a one-eighth interest to the minerals under certain lands, restricted in character, particularly as to rights relative to royalty. The appellees were successors in interest, right and title, to the grantor in said deed.

The parties are in dispute upon the matter of the extent of the appellant's rights under and by virtue of the original deed. The extent thereof was completely determined by the summary judgment which was rendered in favor of the appellees. Thereafter the final judgment was primarily by mathematical calculation as applied to the obligations of the parties, one to the other.

For the purposes of resolving the main question in this cause, we may take as a premise the case of Richardson v. Hart, 1945, 143 Tex. 392, 185 S.W.2d 563. It is to be noticed that in such case it was judicially determined what the grantee (and the successors to grantee's interest under deed) received under a mineral deed which is identical in all material particulars necessary to be considered to the deed to be construed in the instant case.

The difference to be noted is this. The determination made in the Richardson v. Hart case was as of a time when the oil and gas production occurred through operations performed under the oil and gas lease which was in effect at the time the deed was executed. The determination to be made in the insant case is at a time after expiration or cancellation of the lease in effect at time the deed was made, and after a new lease had been made to a different lessee by the party having the "lease interest", under which new lease oil production was realized.

■ Does this circumstance make any difference in the result to be determined? We are of the opinion that it does not. It is to be noted at page 565 of 185 S.W.2d that under the provisions of the deed there construed that the second estate, i. e., the royalty to be due and payable under the lease on the land, " * * * is fixed as a permanent grant irrespective of * * * this or any future lease, and, in the absence of an agreement to the contrary, would determine the proportionate share of the grantee or his assigns in the royalties in the oil or other minerals produced from the land." Though the quoted language is dictum as applied to the question resolved in the Richardson v. Hart case, we nevertheless believe it is correct. If it is cor-

rect, it provides a rule by which the case before us is resolved. Since we deem it correct we use it to resolve the question in accordance therewith. It being obvious that the trial court's judgment likewise so resolved the case below it would serve no useful purpose to encumber the opinion by detailing the mathematical calculation thereunto entailed.

■ We do believe that it would be well to mention the contentions of the appellant upon the matter of the term "lease interest." Provisions of the lease before us for construction are in no sense different from paragraph No. 4 of the lease construed in the Richardson v. Hart case, and the term "lease interest" is to be considered just as it might have been in that case had the circumstances been such that the deed therein construed was before the Supreme Court after a new lease had been executed rather than during the effective period of the lease in existence at time the deed was executed. As used in the deed the term "lease interest" means that the grantee does not receive any right to participate in the making of any subsequent lease, if and in the event the lease in effect at time the deed was executed should be canceled, forfeited, or otherwise expire,—but that the right to execute any subsequent lease was reserved to the grantor and constituted no part of the property or property rights conveyed thereby. Or, it might be said, the provision meant that if and in the event the lease in effect at time of the execution of the deed should become of no effect and the land stand unleased, then there would be no reversion (reverter, or possibility of re-verter) effected thereby under any other term of the lease which would entitle the grantee or his successors to participate in the execution of any new lease, to receive any consideration for such execution, to receive any part of future rentals which might become payable under the contractual provisions of the new lease, or to receive any right, title, interest or estate greater than that originally received. Garrett v. Dils Co., Tex.1957, 299 S.W.2d 904; Tipps

v. Bodine, Tex.Civ.App. Texarkana, 1936, 101 S.W.2d 1076, error refused; Skelly Oil Co. v. Cities Service Oil Co., 1945, 160 Kan. 226, 160 P.2d 246; Klein v. Humble Oil & Refining Co., 1935, 126 Tex. 450, 86 S.W.2d 1077; Martin v. Snuggs, Tex. Civ.App. Fort Worth, 1957, 302 S.W.2d 676, writ ref., n. r. e.; Hudgins v. Lincoln National Life Insurance Co., D.C.Tex.1956, 144 F.Supp. 192.

■ A question to be resolved on this appeal is posed by reason of the fact that by the terms and provisions of the new lease which was executed and in existence at time the case arose in the trial court the party having the right to execute the lease, the lessor executing the same, was entitled to receive a certain per cent of ⅞ths of the oil produced as "overriding royalty", in addition to the bonus money paid, etc.

The applicable part of the new lease reads as follows: "Lessor herein reserves unto himself, his heirs and/or assigns a one-sixteenth of seven-eighths (¹⁄₁₆ of ⅞ths) overriding royalty interest, free and clear of all cost of development, except taxes." As was the case in the deed construed in the case of Richardson v. Hart, the deed before us provides that the conveyance of the interest recited therein " * * * is made subject to the terms of said lease (the old lease in existence at time the deed was made), but covers and includes one-fourth (¼) of *all of the oil royalty, * * * due to be paid* under the terms of said lease." (Emphasis supplied.)

By the terms of the judgment the appellant herein, as successor to one-half of the interest received by the original grantees in the deed, was excluded from any title or benefits paid, payable or to become payable under the terms of the lease under the paragraph whereby the lessor therein "reserves unto himself * * * overriding royalty" of ¹⁄₁₆th of ⅞ths. The appellant takes the position that "overriding royalty" is "royalty" and cites Mc-Mahon v. Christmann, Tex.1957, 303 S.W.

2d 341. In view thereof, says appellant, what the lessor under the lease is entitled to as "overriding royalty" is a part of the total oil to be received as "royalty", and since by its chain of title it has succeeded to one-eighth (1/8) of "all of the oil royalty", he should have his proportionate interest in the "overriding royalty" provided for by the terms of the lease.

It is noted from the judgment rendered below that the trial judge held that the "overriding royalty" interest reserved by the terms of the lease was "carved out of the seven-eighths (7/8) possibility of reverter interest which reverted * * * upon the expiration of the R. B. Sanders Lease (the old lease), and Delta Drilling Company (appellant), as Successor in interest to J. C. Hawkins (original grantee of one-eighth interest under the deed in question), is entitled to no part of such overriding royalty interest * * *."

It appears reasonable to us that at the time of the execution of the new lease the lessor of the property was in a position to select the terms and conditions upon which he would agree to enter into the contract thereby to be created. In other words he could select the minimum compensation he was willing to accept from his lessee, just as the lessee could select the maximum compensation he was willing to deliver in order to acquire the lease. Had such compensation been a figure in cash, or the delivery of other property, certainly it would have been no different in character from any other bonus customarily delivered as consideration in such a transaction. Under this theory surely if the parties to the lease had contracted to pay an amount in money to be calculated by taking the sale price of the lessee's part of the oil produced, less taxes thereon, with delivery to the lessor of one-sixteenth thereof, the consideration would have been personalty and not royalty and in any event

something other than an interest in realty. It really would amount to no more than a "yardstick" by which that part of the lessor's consideration for execution of the lease, due to be delivered in the future, might be measured.

Under the circumstances would the fact that the lease provisions themselves seemed to treat the "overriding royalty" as a part of all the "royalty" to be paid, in the event production be obtained, cause its character to be such? We are of the opinion that it would not. It is actually a provision for compensation to the lessor as part of the consideration to be received by him for his consent to lease and therefore the law will treat it as such, especially in any consideration thereof as between the parties to the controversy here posed, wherein the appellant was not a party privy to the contract in respect to the phase thereof contracted upon.

And if such be other than the correct legal construction under the circumstances, certainly the trial court was correct when it was concluded that the "overriding royalty" interest provided by the lease was "carved out of the * * * possibility of reverter", and that appellant was not entitled to any part of such interest. As applied to oil, where the term "royalty" is used in a mineral deed, unqualified by any language in enlargement of the term, it means one-eighth of the oil produced from the premises and no greater percentage thereof. In the reversion which occurred upon the expiration of the lease in effect at time the deed was executed we have already stated that the estate of the appellant was not enlarged. Neither could it be said to have been enlarged through the selection of language in the new lease entered into by the parties thereto.

The judgment is affirmed.