**John H. HEREFORD, Appellant,**

v.

**Marania Adame SHARP, Appellee.**

**No. 19322.**

Court of Civil Appeals of Texas, Dallas.

Oct. 24, 1977.

Robert T. Baskett, Zimmerman, Driscoll & Baskett, Dallas, for appellant.

B. Russell Niederer, Dallas, for appellee.

ROBERTSON, Justice.

Marania Adame Sharp sued to enjoin John H. Hereford from consummating a trustee's sale of her house under the provisions of a deed of trust. The trial court enjoined the sale, and Hereford appealed. We dissolve the order.

The primary question on this appeal is whether the trial court erred in construing the note secured by the deed of trust so as to excuse further payment by Mrs. Sharp. The note, executed on July 30, 1966, provides as follows:

> For Value Received, I we, or either of us, the undersigned, promise to pay to GREAT NATIONAL DEVELOPMENT CORPORATION _ _ _ or order, the sum of SIX THOUSAND SEVEN HUNDRED AND NO/100 _ _ _ DOLLARS with interest from date at the rate of eight per cent per annum . . .
>
> The principal of this note is payable in 120 monthly installments of $56.50 each, including interest, the first installment being due and payable on or before the first day of August, 1966, and one installment to become due and payable on or before the first day of each succeeding month thereafter until the whole principal sum is paid, except that if not sooner paid the final payment of principal and interest will be due on June 1, 1976.

The interest on the note was payable monthly. Pursuant to this note, Mrs. Sharpe paid 120 monthly payments of $56.50 each, totalling $6,780.00. The trial court held that these payments fully satisfied the obligation under the note, and en-joined Hereford from foreclosing on the property.

Although neither party so pleaded, the trial court's holding is based upon an apparent finding of ambiguity between the first two paragraphs of the note. At trial, Mrs. Sharp argued that her obligation was discharged by payment of the 120 monthly installments, while Hereford urged that she remained liable for the difference between the amount paid and the amount specified in the first paragraph, namely, $6700 at eight percent annual interest. The court apparently concluded that these paragraphs fatally conflicted, and ruled that the "specific" enumeration of monthly payments should control over the "general" statement of the total amount due. Hereford asserts, however, that those paragraphs do not conflict, and that the trial court thus erred in adopting its limiting construction. We agree. As we view the instrument, it is not ambiguous, but provides for the payment of $6700 plus interest at eight per cent annually, with a portion of the obligation to be paid in 120 monthly installments of $56.50 each, and a final payment of the remaining principal and interest due no later than June 1, 1976. Since the interest is payable monthly and is included in the monthly payment of $56.50, the amount of interest on the outstanding balance must be computed each month, and only that part of the monthly payment in excess of the interest due can be credited to the principal. Otherwise, the provisions for interest at eight per cent and for monthly interest payments would have no meaning.

This construction is necessary because of the basic rule that all parts of an instrument are intended to have some meaning, and that they must be given effect unless necessarily repugnant to another clause. *Spiritas v. Robinowitz*, 544 S.W.2d 710, 718–19 (Tex.Civ.App.-Dallas 1976, writ ref'd n. r. e.); *Fruhman v. Nawcas Benevolent Auxiliary*, 436 S.W.2d 912, 915 (Tex.Civ.App.-Dallas 1969, writ ref'd n. r. e.); *Williams v. J. & C. Realty Co.*, 254 S.W.2d 178, 179 (Tex. Civ.App.-San Antonio 1952, writ ref'd). Secondary rules of construction which limit

or negate contractual provisions are applicable only if there is an irreconcilable conflict between the provisions, and where the court can reasonably harmonize apparently conflicting provisions, it should do so. *Southland Royalty Co. v. Pan American Petroleum Corp.,* 378 S.W.2d 50, 57 (Tex.1964); *Benskin v. Barksdale,* 246 S.W. 360, 363 (Tex.Com.App.1923, holding approved); *Spiritas v. Robinowitz, supra* at 719.

Since our construction of the note precludes discharge of the obligation by payment of the monthly installments, an outstanding debt remains which justifies Hereford's foreclosure on the property. Accordingly, we hold that the trial court erred in enjoining the trustee's sale.

Injunction dissolved.