Roger E. CANTER et al., Appellants,

v.

Weldon A. LINDSEY, Individually and as trustee, Appellee.

No. 6729.

Court of Civil Appeals of Texas, El Paso.

Nov. 29, 1978.

Rehearing Denied Dec. 20, 1978.

Sewell, Junell & Riggs, Gordon A. Holloway, Leighton E. Moss, Houston, Weaver & Ferguson, John T. Ferguson, Big Spring, Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Midland, for appellants.

Kerr, Fitz-Gerald & Kerr, Wm. Monroe Kerr, Michael T. Morgan, Harris E. Kerr, Freeman & Hyde, Robert F. Freeman, Midland, for appellee.

## OPINION

WARD, Justice.

This is a suit for declaratory judgment to resolve a three-party dispute over the ownership of a ¼th royalty interest in certain lands in excess of ⅛th royalty. The Plaintiff is the successor in interest of the grantee of a 1935 deed on certain lands in Martin County. He sued the Defendant, who is the successor in interest of the grantee of a 1941 conveyance. The Intervenors succeeded to the rights, if any, of the original grantor in the two deeds. Trial was to the Court upon stipulated facts, and judgment was entered in favor of the Plaintiff. The Defendant and Intervenors filed separate appeals. We reverse and render in favor of Intervenors.

The real parties in interest are all successors to the three principal actors involved in the two deeds, all of whom are now deceased. They were Mrs. Dora Roberts, M. C. Lindsey, and J. E. Mabee. Mrs. Dora Roberts was the owner of four leagues of land totalling 17,712 acres in Martin County, and is the common source of title. On January 19, 1935, Mrs. Roberts by deed sold to M. C. Lindsey an interest in the four leagues. This instrument is denominated "Royalty Deed," yet nowhere in the body of the instrument does there appear the word "royalty." As will be noted, it speaks in terms of a double fraction, ¼th of ⅛th, and

never the single fraction, ⅟₃₂nd. The deed reserves to the grantor bonus, delay rentals, and all executive rights. Other provisions of this 1935 instrument from Dora Roberts to M. C. Lindsey are as follows:

"* * * do by these presents sell and convey unto M. C. Lindsey * * * ONE FOURTH OF ONE + EIGHTH (¼ of ⅛) of all the oil, gas, and other minerals produced from the following described land * * *

"* * * the interest herein conveyed being an equal one fourth of one eighth (¼ of ⅛) part of all of the oil, gas, and other minerals when same has been produced from said land, and to such extent, such part of any and all future productions of such is hereby conveyed."

On April 8, 1941, Dora Roberts executed and delivered to J. E. Mabee the deed conveying to Mabee a ¾ths interest in all the oil, gas, and other minerals in and under the four leagues of land, the provisions deserving the greatest attention being as follows:

"That I, Dora Roberts, * * * do GRANT, SELL, and CONVEY unto the said J. E. Mabee, of Tulsa, Oklahoma, a three-fourths (¾) interest, undivided, in and to all of the oil, gas and other minerals, on, in, and under the certain tracts, parcels and pieces of land * * *

"For the same consideration, I have GRANTED, SOLD and CONVEYED, and by these presents do GRANT, SELL and CONVEY unto the said J. E. Mabee the right, privilege and authority to execute Oil and Gas Leases on the remaining one-fourth (¼) interest in the oil, gas and other minerals in the above described land, and the right to receive all bonus monies and annual delay rentals accruing under any such lease covering such remaining ¼th interest, as well as all other benefits accruing thereunder, save and except the royalty payable under any such lease covering such ¼th interest, all royalty accruing under any such lease on such ¼th interest being payable to M. C. Lindsey, his heirs and assigns, who owns an undivided one-fourth (¼) non-participating royalty interest in the oil, gas and other minerals in said land, but who has no right to execute an Oil and Gas Lease, or leases, thereon, or to receive any bonus monies or rentals payable thereunder, all of which rights were retained by grantor herein, and are herein assigned to J. E. Mabee, his heirs and assigns, to the end that from and after the execution hereof, J. E. Mabee shall own the sole right, privilege and authority to execute an Oil and Gas Lease, or leases, on all of the oil, gas and other minerals in and under the above described land and the right to receive all bonus monies and delay rentals accruing under any such lease, or leases, covering said land, but with the right to receive only three-fourths (¾) of the royalty accruing under any such lease, or leases, the remaining one-fourth (¼) interest in such royalty being owned by M. C. Lindsey, his heirs and assigns."

No other conveyances of any interest in or on the subject tract were thereafter made by Dora Roberts. On or about November 7, 1973, an oil and gas lease covering a portion of the subject tract was executed. It is this lease which provided for a royalty greater than ⅛th, namely ³⁄₁₆ths, and it is this portion of this royalty whose ownership is disputed in the present suit. Production under that lease was obtained in 1974.

The position of each of the parties may be summarized as follows. First, the Plaintiff contends that under the 1935 deed and the 1941 deed he is entitled to a ¼th of any royalty reserved under any lease on the subject tract, with the remaining ¾ths of any such royalty being owned by the Defendant. In particular, he is claiming ¼th of the ³⁄₁₆ths royalty reserved in the lease, or in effect a ³⁄₆₄ths royalty interest.

Second, the Defendant contends that it is entitled to all royalty reserved under any lease on the subject tract in excess of ¼th of ⅛th (⅟₃₂nd) of all oil or gas produced, which ⅟₃₂nd would be owned by the Plaintiff. In particular, the Defendant claims all of the ³⁄₁₆ths royalty reserved in the lease which is in excess of ¼th of ⅛th (⅟₃₂nd) of the oil and gas produced, or in effect a ¹⁰⁄₆₄ths royalty interest.

Third, the Intervenors contend that they are entitled to ¼th of any royalty in excess of ⅛th which may be reserved in any lease covering the subject tracts. In particular, they are claiming ¼th of 1/16th (or 1/64th) of all oil or gas produced under the lease.

The positions of the parties are set forth graphically in the following table. The Plaintiff claims ¼th of any royalty reserved under any lease with the remaining ¾ths of any royalty owned by the Defendant.

| | | |
|---|---|---|
| Plaintiff | — ¼ of 3/16 | = 3/64 |
| Defendant | — ¾ of 3/16 | = 9/64 |
| Intervenors | — 0 | = 0 |
| | | 3/16 |

The Defendant claims it is entitled to all royalty reserved under any lease in excess of ¼th of ⅛th (1/32nd), with the ownership of the royalty under the lease being as follows:

| | | |
|---|---|---|
| Plaintiff | — ¼ of ⅛ | = 1/32 |
| Defendant all royalty in excess of 1/32 | | |
| | 3/16 − 1/32 | = 10/64 |
| Intervenors | — 0 | = 0 |
| | | 3/16 |

The Intervenors claim they are entitled to ¼th of any royalty in excess of ⅛th reserved on any lease (¼th of 1/16th, or 1/64th).

| | | |
|---|---|---|
| Plaintiff | — ¼ of ⅛ | = 1/32 |
| Defendant | — ¾ of 3/16 | = 9/64 |
| Intervenors ¼ all royalty in excess of ⅛ | | |
| | ¼ of (3/16 − ⅛) | = 1/64 |
| | | 3/16 |

■ The trial Court found both the 1935 and the 1941 deeds to be unambiguous and we *agree* with that conclusion, although we do not agree with the subsequent construction. All of the parties agree that the 1935 deed from Mrs. Dora Roberts to M. C. Lindsey is unambiguous. The interest conveyed to Lindsey by that 1935 deed is set forth twice in that instrument:

"* * * ONE FOURTH of ONE + EIGHT (¼ of ⅛) of all of the oil, gas, and other minerals produced from the [subject land.] * * *

"* * * the interest herein conveyed being an equal one fourth of one eighth (¼ of ⅛) part of all of the oil, gas, and other minerals when same has been produced from [the subject land] * * *."

From this starting point, we note the first rule of construction of a deed, and that is that the intention of the parties be ascertained and given effect. However, this primary rule of construction must be modified with the restriction that it is not the intention which the parties may have had but failed to express in the instrument, but it is the intention which by said instrument they did express. Stated another way, the question is not what the parties meant to say, but the meaning of what they did say. 19 Tex.Jur.2d Deeds, Sec. 107 at 391, and Sec. 111 at 401 (1960). As stated in *Davis v. Andrews,* 361 S.W.2d 419 (Tex.Civ.App.— Dallas 1962, writ ref'd n. r. e.):

"* * * Again, it has been said that the intention as expressed in the deed must be given effect, regardless of the intention that the parties had intended to express but that they failed to express. If there is no ambiguity in a deed, the instrument will be enforced as written, even though it does not express the original intention of the parties. * * *"

The deed being unambiguous, the intention of the parties is to be ascertained by the Court as a matter of law from the language used in the writing without any aid from evidence as to the attending circumstances. Parol evidence is not admissible to vary or modify the nature or extent of an interest defined by a deed in unambiguous terms. *Richardson v. Hart,* 143 Tex. 392, 185 S.W.2d 563 (1945); *Smith v. Liddell,* 367 S.W.2d 662 (Tex.1963); 19 Tex.Jur.2d Deeds, Sec. 120 at 416.

■ With the above generally stated rules in mind, we hold that the 1935 deed granted a 1/32nd nonparticipating royalty to Lindsey, and that interest is now held by the Plaintiff. Although the interest conveyed is not described as such in the deed, there can be no question as to the intent expressed in the instrument. Certain of that intent can be seen from the grantor's

reservation of the exclusive powers to lease for oil, gas, and other minerals, as well as all rights to "all down payments, bonuses and rentals." However, the intent is then made certain by the language that the fraction of the oil and gas granted is "produced" oil and gas, as well as that produced in the future. *Barker v. Levy*, 507 S.W.2d 613 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.); *Miller v. Speed*, 248 S.W.2d 250 (Tex.Civ.App.—Eastland 1952, no writ); *Pinchback v. Gulf Oil Corp.*, 242 S.W.2d 242 (Tex.Civ.App.—Beaumont 1951, writ ref'd n. r. e.); 3A Summers Oil & Gas, Sec. 599 at 267–274 (1958). The Plaintiff became entitled to a ½₂nd royalty interest, but no more. That interest was established in 1935 and was absolute and independent of any royalty reserved in any future lease by the then holder of the executive rights.

█ The Plaintiff contends that the recitals in the 1941 deed from Dora Roberts to J. E. Mabee established or made his right and title to ¼th of all royalties provided for in the 1973 oil and gas lease. That 1941 deed does not in any way grant or convey, or purport to grant or convey, any interest in the oil, gas or other minerals to M. C. Lindsey. There is no granting language with regard to Lindsey. The reference to the ¼th interest in the royalties supposedly owned by Lindsey are mere recitals in connection with the exception to the conveyance to Mabee. The grantor's then erroneous belief that Lindsey owned a ¼th interest in any royalties, which would include those in excess of a ⅛th royalty, and the incorporation of this erroneous belief into a recital as to the reason for the exception from the grant cannot operate as a conveyance of such an interest. *Pich v. Lankford*, 157 Tex. 335, 302 S.W.2d 645 (1957). Even if the 1941 deed had expressly stated that the grantor therein was reserving a ¼th nonparticipating royalty interest to Lindsey, the Plaintiff would be in no better position. The law in Texas clearly holds that a reservation or exception in favor of a third party is inoperative. *Joiner v. Sullivan*, 260 S.W.2d 439 (Tex.Civ.App.—Texarkana 1953, writ ref'd). By the same token, strangers to the deed have no right to set up its recitals as estoppel. *Woldert v. Skelly Oil Co.*, 202 S.W.2d 706 (Tex.Civ.App.—Texarkana 1947, writ ref'd n. r. e.); 28 Am.Jur.2d Estoppel and Waiver, Sec. 21 (1966).

█ As to the Defendant who is making his claim as the successor to the grantee Mabee in the 1941 deed, the argument is made that the 1941 deed expressly granted to Mabee all of the then remaining right, title and interest of Mrs. Roberts in and to the land. We disagree. The granting clause recited the conveyance of a ¾ths interest, undivided, in and to all the oil, gas and other minerals in and under the four leagues of land. This conveyed the undivided interest of the minerals in place. In addition, she expressly provided and granted unto Mabee (a) the right, privilege and authority to execute oil and gas leases on the remaining ¼th interest in the minerals in the above described land; (b) the right to receive all bonus monies and annual delay rentals accruing under any lease covering such remaining ¼th interest in the minerals; and (c) in addition, "all other benefits" accruing under any lease covering such remaining ¼th interest in the minerals, save and except the royalties payable to M. C. Lindsey. Under the 1941 deed, it did not convey unto Mabee all except that which had been previously granted to Lindsey, but conveyed to Mabee a ¾ths mineral interest, executive rights on the subject tract, and bonus and delay rental rights. Dora Roberts merely made an erroneous recital. Since only a ½₂nd royalty interest was owned by Lindsey under the 1935 deed, she, under the mistaken belief that a ¼th nonparticipating interest was outstanding, excepted such interest from the conveyance to Mabee by clear and unambiguous language. She thus retained as her own that portion of the excepted interest which was not already outstanding in another. Thus, by the two deeds, Dora Roberts conveyed ¾ths of the minerals in place and a ⅛th royalty under the remaining ¼th minerals in place, and she has assigned all of the executive rights under the whole. She has not conveyed but still retains the ¼th mineral in-

**336**

terest and is entitled to royalty on that interest in excess of the ⅛th conveyed. In the instant case, since the lease in question provides for a ³⁄₁₆ths royalty, the Intervenors as successors to the rights of Dora Roberts are entitled to a ¹⁄₆₄th of all such royalty.

The judgment of the trial Court is reversed and rendered to the extent that the claim of the Intervenors is sustained, that is that at the time of the death of Dora Roberts, she owned a ¼th of all royalty in excess of ⅛th which is now or might be payable under any lease on any of the four leagues of land in question, and such interest is now owned by the Intervenors in the proportions set forth in the trial Court judgment. To the extent that the trial Court awarded such interest to the Plaintiff, and to that extent only, the judgment of the trial Court is hereby reversed and rendered, and to that extent the Plaintiff takes nothing. To the extent that the trial Court determined that the Defendant acquired no interest in and owns no interest in the undivided ¼th of royalty in oil, gas and other minerals produced and saved from the four leagues, such judgment is affirmed.