Minnie KRUM, et al., Appellants,

v.

James ALFORD, et al., Appellees.

No. 2165cv.

Court of Appeals of Texas,
Corpus Christi.

Dec. 2, 1982.

Rehearing Denied Jan. 13, 1983
with opinion.

David F. Farris, Fort Worth, for appellants.

Thomas K. Robinson, Miller, Miller & Robinson, Gonzales, for appellees.

Before NYE, C.J., and BISSETT and YOUNG, JJ.

## OPINION

BISSETT, Justice.

In this case, we are called upon to construe a mineral deed executed in 1929 by Frank Koncaba and wife, Josefa Koncaba in favor of Walter A. Mang. The appellees herein, whose title is derived from the Koncabas, sued the appellants and others, as successors in title to Mang, to determine the ownership and seek a partition of the mineral estate. The trial court determined that the deed in question conveyed an undivided 1/16 mineral interest to Mang. Based on this determination, the court ordered a partition in kind, to reflect ownership of the minerals as 15/16 belonging to the appellees, claimants under the Koncabas, and the remaining 1/16 to the appellants and others, claimants under Mang.

The sole question before this Court is the quantity of the interest conveyed in the Koncaba-Mang deed. The material terms of the deed are as follows:

"THE STATE OF TEXAS §
§ KNOW ALL MEN BY
COUNTY OF GONZALES § THESE PRESENTS:

THAT Frank Koncaba and wife Josefa Koncaba of the County of Gonzales, State of Texas, has and by those presents do grant, bargain, sell, convey, set over and assign and deliver unto Walter A. Mang the following to-wit: one-half of the one-eighth interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Gonzales County, Texas, to-wit:

\* \* \* \* \* \*

... together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals, and removing the same therefrom.

And said above described lands being now under an oil and gas lease originally executed in favor of Cranfill-Reynolds and now held by them, it is understood and agreed that this sale is made subject to said lease, but covers and includes 1/16 of all the oil royalty and gas rental or royalty due to be paid under the terms of said lease.

It is agreed and understood that none of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said Walter A. Mang, and in the event that the said above described lease for any reason becomes cancelled or forfeited, then and in that event, the lease interests and all future rentals on said land, for oil, gas and mineral privileges shall be owned jointly by Walter A. Mang of Gonzales, Texas and Frank Koncaba and wife, Josefa Koncaba each owning a one-half interest in all oil, gas and other minerals in and upon said land, together with one-half interest in all future rents.

\* \* \* "

It is a well settled rule that in construing a deed, it is the duty of a court to seek the intention of the parties to that deed. *Terrell v. Graham,* 576 S.W.2d 610 (Tex.Sup. 1979). The intention of the parties is to be ascertained from a consideration of all the language which appears in the deed, and by harmonizing, if possible, those provisions which appear to be in conflict. *McMahon v. Christmann,* 157 Tex. 403, 303 S.W.2d 341 (1957).

It is also well established that should there be any doubt in ascertaining the intention of the parties as their intention is expressed in the deed in its entirety, that doubt, after considering the deed from its four corners, should be resolved against the grantors, whose language it is, and the deed

must be construed most favorably to the grantee, as conveying to him the largest estate permissible within the language of the deed. *Garrett v. Dils Company,* 157 Tex. 92, 299 S.W.2d 904 (1957).

Even though different parts of a deed may appear to be contradictory and inconsistent with each other, a court, in construing the words in a deed so as to give effect to all parts thereof, will not strike down any part of the deed, unless there is an irreconcilable conflict where one part of the instrument effectively destroys another part thereof. *Benge v. Scharbauer,* 152 Tex. 447, 259 S.W.2d 166 (1953).

With these rules in mind, we examine the Koncaba-Mang deed. The first clause plainly conveys a ¹⁄₁₆ mineral interest in the tract described therein. This is followed by language which recognizes the existence of a valid oil and gas lease in force on the property and making the sale subject thereto. This same paragraph grants a ¹⁄₁₆ interest in all royalties due on oil and gas produced under the described lease. The succeeding paragraph reserves all rights to delay rentals under the current lease to the grantors and provides that, upon termination of the then existing oil and gas lease, the mineral estate would be owned ½ by the grantors and ½ by the grantee. This is the clear meaning of the words used.

The appellees imply that the third paragraph is ambiguous and would have us consider later deeds as evidence of the parties' intent. We must reject this argument and hold that there is no ambiguity. The language used is common and has been interpreted as we do here by Texas courts for many years. See *Richardson v. Hart,* 143 Tex. 392, 185 S.W.2d 563, 564 (1945); *Delta Drilling Co. v. Simmons,* 161 Tex. 122, 338 S.W.2d 143 (1960); *Cannon v. Wingard,* 355 S.W.2d 776, 779 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.).

The question to be answered is whether the third paragraph is in direct conflict with, and repugnant to, the formal "granting" clause. We hold that it is not. Since the record reflects that the oil and gas lease under which the Koncaba deed was bur-

dened had expired at the time of trial, this Court need only concern itself with the proper division of mineral interests owned by the grantors and the grantee upon termination of the said oil and gas lease.

Construing the deed as a whole and giving effect to every provision, we conclude that the Koncabas intended to convey to Mang, prior to the termination of the then existing oil and gas lease, an undivided ¹⁄₁₆ th perpetual mineral interest in and to the involved land, subject, to the then existing oil and gas lease, and that the grantee therein would be paid ¹⁄₁₆th of all of the royalty on oil and gas due or to become due in the event production was obtained under said lease. We further conclude that after the termination of said lease, that the parties intended that the mineral interest conveyed to Mang in the granting clause would be increased to an undivided ½ interest in and to all of the oil, gas and other minerals on, in and under said land.

Such an interpretation is supported by prior cases which have given effect to the plain intent of the grantor to enlarge or restrict the granting clause by subsequent language in the deed. See *Associated Oil Co. v. Hart,* 277 S.W. 1043 (Tex.Comm'n App.1925, judgmt. adopted); *Texas and Pacific Railroad Co. v. Martin,* 123 Tex. 383, 71 S.W.2d 867; *Delta Drilling Co. v. Simmons, supra,* at 145–46. It is also consistent with our Supreme Court's recognition that different estates in minerals may be conveyed by the same instruments. See *Woods v. Sims,* 154 Tex. 59, 273 S.W.2d 617, 621 (1954); *Richardson v. Hart, supra.*

Accordingly, we reverse that portion of the trial court's judgment which declares that the Koncaba-Mang deed was intended to convey only a perpetual ¹⁄₁₆ mineral interest to Mang, and render judgment that the same conveyed fully ½ of the grantors' reversionary interest in the minerals in and under the said tract, together with all the usual rights associated therewith.

We also reverse that portion of the judgment which affixes the respective percentage shares of ownership of the present

claimants, and the portion of the judgment which orders partition of the property based on the trial court's determination of ownership. We remand that portion of the case to the trial court for further consideration in light of this opinion.

We have not been asked to construe any of the subsequent deeds through which the parties trace their titles, and we express no opinion about them. However, it may well be that a construction of those deeds by the trial court is necessary in order for that court to properly order a partition in the proper fractional shares to the appellees, the appellants and to the defendants who were cited by publication and possibly to Walter A. Mang, if living, and to his heirs at law or devisees, as the case may be, if deceased.

Those portions of the trial court's judgment not mentioned above are affirmed. Therefore, the judgment of the trial court is affirmed in part, reversed and rendered in part, and reversed and remanded in part.

YOUNG, Justice, dissenting.

I respectfully dissent and I would affirm the trial court's judgment in all respects.

I agree with the rules set forth in the majority opinion that when courts are called upon to ascertain the meaning of a deed, every part of the deed must be given effect if it is possible even though different parts may appear to be contradictory or inconsistent. But, attempts to harmonize the whole should not produce a construction which destroys the key expression of intent. *Texas Pacific Coal & Oil Co. v. Masterson,* 160 Tex. 548, 334 S.W.2d 436, 439 (Tex. 1960). When there is a repugnance between clauses in a conveyance, the granting clause prevails. *Lott v. Lott,* 370 S.W.2d 463, 465 (Tex.1963); *Waters v. Ellis,* 158 Tex. 342, 312 S.W.2d 231, 234 (Tex.1958). It is not the intention which the parties may have had but failed to express, but the intention which the instrument does express to which we should give effect. *Canter v. Lindsey,* 575 S.W.2d 331, 334 (Tex.Civ.App. —El Paso 1978, writ ref'd n.r.e.).

With these rules in mind, I am of the opinion that a conflict exists between the first and third clauses of the Koncaba-Mang deed. Appellants argue that the use of a double fraction in the granting clause "one half of the one-eighth interest" is ambiguous. Use of a double fraction in a deed is not ambiguous; the reader may calculate the interest very simply. *Richardson v. Hart,* 143 Tex. 392, 185 S.W.2d 563, 564 (Tex.1945). Thus, it is clear that the first clause of the deed before us granted a ¹⁄₁₆ interest in the minerals. The majority so holds and I agree with the majority's construction of the first clause.

But, the third clause which deals with the situation after the Cranfill-Reynolds lease terminates is not as simple to understand. It does provide for a joint interest by the Koncabas and Mang. Although the majority attempts to adopt a construction of this clause which is harmonious with the granting clause, I do not believe this is possible. The third clause is confusing because of the way it seems to equate "lease interests and all future rentals" with a mineral interest, but it does appear to be an attempt to convey a one-half interest in the minerals. Although I would do so only as a last resort, *McBride v. Hutson,* 157 Tex. 632, 306 S.W.2d 888, 894 (Tex.1957), I would reject one of these clauses, because I believe there is an irreconcilable conflict between the two.

Since there is a rule of construction favoring the granting clause, which I have noted above, I would resolve the conflict in favor of the granting clause and hold that the deed conveyed a perpetual ¹⁄₁₆ mineral interest to Mang. My decision is based not only on this rule of construction, but also upon my conclusion that the first clause is clear and the third clause ambiguous. If the grantors intended to convey a greater amount, they failed to expressly say so. I would affirm the trial court.

## OPINION ON MOTION FOR REHEARING

BISSETT, Justice.

James Alford, et al., appellees, have filed a motion for rehearing in this case, wherein

they contend that this Court erred in "refusing to give controlling effect to the granting clause" in the Koncaba-Mang deed. They argue that the deed presents an "irreconcilable conflict" between the granting clause and the third paragraph, and that this Court erred in giving effect to the third paragraph because the deed is ambiguous. They further say that this Court erred in holding that an additional interest in the minerals passed to the grantee under the third paragraph of the deed since this paragraph did not contain any words of conveyance, and "purported to deal only with an interest in future lease payments and not in any interest in the minerals in place."

■ The deed is not ambiguous. There is no repugnance between the granting clause and the third paragraph of the deed.

The third paragraph, in pertinent part, provides:

"... and in the event that the above described lease for any reason becomes cancelled or forfeited, then and in that event, the lease interests and all future rentals on said land, for oil, gas and mineral privileges shall be owned jointly by Walter A. Mang of Gonzales, Texas and Frank Koncaba and wife, Josefa Koncaba *each owning a one-half interest in all oil, gas and other minerals in and upon said land,* together with one-half interest in all future rents." (Emphasis supplied).

■ It is established law in this State that a grantor may convey to the grantee, in a single instrument, two separate and distinct estates in the involved land, one being designated in the granting clause and the other being designated in another clause. *Gibbs v. Barkley,* 242 S.W. 462 (Comm'n App.1922, opinion adopted); *Richardson v. Hart,* 143 Tex. 392, 185 S.W.2d 563 (1945).

■ In *Gibbs v. Barkley,* supra, it was held that the intention of the grantor is not to be determined from an isolated clause or paragraph in the deed, but is to be determined from a fair construction of the entire deed. Each clause or paragraph in the deed must be construed with reference to every other paragraph therein contained. The court further held that the granting clause in the deed under consideration must be construed with reference to and in connection with the habendum clause in order to arrive at the intention of the grantor. While we are not here concerned with the language contained in the habendum clause, the same rule applies in this case; that is, the third clause and the granting clause should be considered together in determining the intention of the Koncabas.

In *Richardson v. Hart,* supra, the granting clause in the deed stated that an undivided 1/16th mineral interest in the land was conveyed to the grantee, and further stated (in the third paragraph) that the conveyance was made subject to the terms of an existing oil and gas lease, but that it covered and included a 1/16th of 1/8th of the royalty to be paid under the terms of the lease. The Supreme Court, in construing the deed, held:

"It is clear, we think, that the instrument conveyed two separate and distinct estates in the land. The first was a permanent interest in the minerals in place which was to subsist during and beyond the life of the existing lease. The other was the royalty to be due and payable under the lease."

\*     \*     \*     \*     \*     \*

"... In the third paragraph of the deed they made a covenant in regard thereto which passed to the grantee the second estate above mentioned...."

At the time the Koncaba-Mang deed was executed, the land was under an existing oil and gas lease to Cranfill-Reynolds, lessee. That lease had terminated prior to the trial in this case. All that the Koncabas owned in the minerals in and under the land on the date that the deed was signed were the royalties reserved in the lease and a possibility of reverter after the determinable fee owned by Cranfill-Reynolds. Such possibility of reverter, or any part thereof, was assignable. *Caruthers v. Leonard,* 254 S.W. 779, 782 (Comm'n App., 1923); *Watts v.*

**469**

*City of Houston,* 196 S.W.2d 553, 556 (Tex. Civ.App.—Galveston 1946, writ ref'd).

■ It is clear, we think, that the deed in question, when considered in its entirety, showed an intention by the grantors to convey to the grantee a present undivided $\frac{1}{16}$th interest in the minerals, subject, however to the terms of the then existing oil and gas lease, and an undivided interest in the possibility of reverter sufficient to convey to the grantee an undivided $\frac{1}{2}$ interest in the minerals. The interest in the possibility of reverter was vested in the grantee upon the execution of the deed by the Koncabas; the enjoyment of that interest was postponed until the termination of the determinable fee owned by Cranfill-Reynolds, the lessee in the oil and gas lease in existence when the deed was signed.

■ Under the provisions of the deed, formal words of conveyance were not required in order to convey the interest in the possibility of reverter to the grantee. In the third paragraph of the deed, the grantors "made a covenant in regard thereto which passed to the grantee" the stated interest in the possibility of reverter. See *Richardson v. Hart,* supra, 143 Tex. at page 396, 185 S.W.2d at page 565. The third paragraph of the deed did *not* purport to deal "only with an interest in future lease payments," as asserted by appellees in their motion for rehearing.

We have again reviewed the record and are convinced that we were correct in the decision which we have made in this case. The motion for rehearing is overruled.

In our original judgment, we, through inadvertence, taxed all costs of this appeal to the appellant. A motion has been filed by the appellants, wherein they ask this Court to modify the judgment by taxing all such costs to the appellees. The only real issue between the parties in the trial court and in this Court was the construction of the mineral deed from the Koncabas to Mang, and since the appellants have prevailed in this appeal, the motion is granted. All costs of this appeal are taxed to the appellees.